# Exhibit A

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Robert M. Bramson (SBN 102006)
Jenelle Welling (SBN 209480)
Bramson, Plutzik, Mahler and Birkhaeuser, LLP
2125 Oak Grove Road, Walnut Creek, CA  94598
 TELEPHONE NO.: (925) 945-0200     FAX NO.: (925) 945-8792
ATTORNEY FOR *(Name):* Plaintiff, Nad Karim

AUG 2 7 2012
S. J. RIVERSIDGE

ENDORSED
2012 AUG 22  ⊃ 12: 48

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Santa Clara
 STREET ADDRESS: 191 N. First Street
 MAILING ADDRESS:
 CITY AND ZIP CODE: San Jose, CA  95113
 BRANCH NAME:

CASE NAME:
Nad Karim vs. Hewlett-Packard Company

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | 112CV230910 |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [✓] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [ ] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):*
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 22, 2012

Jenelle Welling
*(TYPE OR PRINT NAME)*                              ▶  *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

COPY

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

EXHIBIT A

RECEIVED

AUG 27 2012

S. LIVERSIDGE

ENDORSED

2012 AUG 22   ᗡ 12:43

D. Wendel

1 Rob Bramson (State Bar No. 102006)
Jenelle Welling (State Bar No. 209480)
2 **BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP**
2125 Oak Grove Road, Suite 120
3 Walnut Creek, CA 94598
Telephone: (925) 945-0200
4 Facsimile: (925) 945-8792

5 *Attorneys for Plaintiff and Putative Class*

6

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**
7
**FOR THE COUNTY OF SANTA CLARA**
8

9 Nad Karim, on behalf of himself and all    | Case No.: **112CV230910**
others similarly situated,
10
**CLASS ACTION COMPLAINT**
11          Plaintiff,                        **FOR:**

12 vs.                                        1. **BREACH OF WARRANTY BY
                                                 DESCRIPTION;**
13                                                **and**
HEWLETT-PACKARD COMPANY,
14                                             2. **VIOLATION OF THE
          Defendant.                             CONSUMERS LEGAL
15                                               REMEDIES ACT
                                                 (CIV. CODE §1750 et seq.)**
16

17                                            **JURY TRIAL DEMANDED**

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT



1be1-068818-v1-

Plaintiff Nad Karim on behalf of himself and all others similarly situated, alleges:

## PARTIES

1.      Plaintiff Nad Karim is a resident of Palo Alto, California. Plaintiff customized and purchased an HP dv7t-4100 CTO Select Edition Entertainment Notebook PC from HP's website in November 2010.

2.      Defendant HP is a California corporation with its principal place of business in Palo Alto, California.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction pursuant to Code of Civil Procedure Section 410.10 because Defendant conducts business in and sells a substantial number of laptop computers in this County and in California.

4.      Venue is proper in this Court because Defendant is headquartered in this County. Furthermore, Defendant conducts transactions in this County which give rise to the causes of action set forth herein. All of Defendant's relevant business, including the formulation and execution of the representations and unlawful practices alleged herein, were originated, conducted and emanated out of HP's principal place of business in this District. Defendant's website, and the language used to describe its products, was drafted and approved by HP employees located in California.

## FACTUAL ALLEGATIONS

5.      HP offers customers the ability to purchase customized computers directly from it through its website.

6.      When customizing a computer through HP's website, HP makes representations about various components that can be selected for the computer through "help me decide" and other content on its website.

7.      HP represented that consumers could customize laptop computers to be equipped with wireless cards which would operate on both the 2.4 GHz and the 5.0 GHz bands. Specifically, for non-Intel wireless cards available for customized-to-order computers, HP represented that the wireless cards "provide[] up to 270 Mbps in the 2.4 GHz and 5.0 GHz

CLASS ACTION COMPLAINT

band." For Intel wireless cards available for customize-to-order computers, HP represented that the wireless card would allow users to connect to the "802.11b, 802.11a, 802.11g and 802.11 draft N" infrastructures. The 802.11a infrastructure only operates in the 5.0 GHz band.

8.    The 5.0 GHz band has certain advantages over the 2.4 GHz band.  Among the advantages is that the 5.0 GHz band is less crowded, and thus subject to less congestion and speed degradation than the 2.4 GHz band.  Numerous devices, such as many cordless phones, baby monitors, and microwave ovens, either broadcast or cause interference on the 2.4 GHz band.  Another advantage of the 5.0 GHz band is the ability to use what are known as "double-wide 40MHz frequency channels" allowing for greater data throughput resulting in higher data transfer speeds.  The upshot of these differences, among others, is that a 5.0 GHz signal promises a faster wireless connection with less interference.

9.    The representations about dual-band connectivity were created in and emanated from California. The persons who manage and edit content for HP's website (known as the "home & home office store"), particularly the persons who manage and edit the "help me decide" content for networking/wireless cards, are located in California.

10.    On November 22, 2010, Plaintiff visited HP's website and customized an HP Pavilion dv7t Select Edition Entertainment Notebook PC, purchasing it for $899.99 plus tax, after an "instant discount" of $400.

11.    Plaintiff went through the steps prompted by HP on its website to customize various features of his computer. When he got to the section to select a wireless card, he read HP's description of the wireless card. HP represented that the wireless card option for his base model would operate on both the 2.4 GHz and the 5.0 GHz frequencies. Plaintiff selected the wireless card to be included in his customized computer.

12.    HP equipped Plaintiff's laptop with an Intel Centrino-N 1000 802.11 b/g/n wireless card, which is HP Part Number 593530-001. This is a single-band card capable of operating only on the 2.4 GHz frequency. Nonetheless, HP had represented this card as operating on both the 2.4 GHz and 5.0 GHz bands.

CLASS ACTION COMPLAINT

1    13.    This was not a one-off manufacturing error related solely to Plaintiff's laptop.

2 With very limited exceptions, none of the laptops customized to come equipped with cards

3 represented as dual-band contained a dual-band wireless card.

4    14.    HP controls the components that will function in its computers through a "white

5 list". A "white list" is a list of components and devices approved by HP to operate with its

6 products. Every time a user boots up his or her computer, the computer automatically verifies

7 that the installed components match with those approved on HP's "white list". If the computer

8 detects an installed component that is not on the white list, the user will receive an error

9 message for that component and the component will not function. HP's white list for the laptops

10 at issue here did not include authorization for any dual-band wireless cards. Thus, even if

11 Plaintiff or class members separately purchased a dual-band card and installed it, it still would

12 not function.

13    15.    Plaintiff expected that his computer would contain a dual-band wireless card and

14 that his computer would be configured in a manner allowing it to operate with a dual-band card.

15 After receiving his computer and unsuccessfully trying to connect it to his properly equipped

16 router on the 5.0 GHz band, Plaintiff contacted HP's technical support team in January 2011.

17 HP's technical support team told Plaintiff to purchase and install a dual-band wireless card

18 made by Broadcom, specifically, the Broadcom 4322 card, and stated that the card would be

19 compatible with his computer. HP's Maintenance and Service Guide for Plaintiff's computer

20 also lists the Broadcom 4322 card as a dual-band card compatible with Plaintiff's computer.

21    16.    Plaintiff purchased the card that HP's technicians recommended and followed

22 HP's steps to install it. It did not work. Plaintiff received an error message, warning of an

23 incompatible or unsupported wireless device. His computer's white list did not permit use of the

24 dual-band card. Updating his BIOS did not solve the problem. Thus, despite the written

25 affirmations on HP's website that the wireless card would be dual-band and that the computer

26 would be compatible with one or more dual-band wireless cards, neither Plaintiff's computer

27 nor class members' computers came equipped with dual-band cards nor are their computers

28 compatible with one or more dual-band cards due to the white list restrictions.

CLASS ACTION COMPLAINT

fbbl-866818-v1-

17.   HP never resolved Plaintiff's complaint that his wireless card was not dual-band and that his computer could not support a dual-band card.

18.   Plaintiff would have paid less for the computer or would not have purchased it had he known that neither it nor the wireless card with which it would be equipped could operate on both the 2.4GHz and 5.0GHz frequencies. Plaintiff would not have purchased a replacement dual-band capable card had he known that his computer would not permit the card to function.

## CLASS ACTION ALLEGATIONS

19.   Plaintiff brings this action on behalf of himself and all others similarly situated. The proposed Class who Plaintiff seeks to represent is defined as:

> All persons residing in the United States who, between January 1, 2010 and July 1, 2011, customized and purchased from HP's website a laptop computer containing a wireless card which HP represented as capable of operating on both the 2.4 GHz and 5.0 GHz bands.

Specifically excluded from the Class are persons who customized and purchased from HP's website the following laptop products: HDX 16, HDX 18, Envy 13, Envy 15, and Envy 16. Also excluded from the Class is Defendant, its officers, directors, agents, employees, principals, partners, joint venturers, or entities controlled by Defendant, and its heirs, successors, assigns, or other entities related to or affiliated with Defendant and/or its officers and/or directors, or any of them; the Judge assigned to this action; and any member of the Judge's immediate family.

20.   The Class consists of tens of thousands of individuals spread apart in multiple jurisdictions and is so numerous that joinder of all members as individual plaintiffs is impracticable. Though the exact number and identity of Class members is not presently known, they can be identified in Defendant's records.

21.   Plaintiff's claims are typical of the claims of Class members, each of whom has sustained injury as a proximate or legal result of Defendant's (mis)representations and actions. Plaintiff's claims are typical of those of the Class because Defendant subjected all class members to the same misrepresentation and course of conduct. Plaintiff, like each class

CLASS ACTION COMPLAINT

fbb1-#66818-v1-

1  member, customized a laptop from HP's website and selected a wireless card that HP

2  represented as having dual-band capability, but received a product incapable of operating on

3  both the 2.4 GHz and 5.0 GHz bands.

4      22.   Plaintiff has retained counsel competent in class action litigation. Plaintiff has no

5  interests contrary to or in conflict with those of the Class he seeks to represent.

6      23.   Under the facts and circumstances alleged herein, class action proceedings are

7  superior to any other methods available for both fair and efficient adjudication of the rights of

8  each member of the Class. Joinder of individual Class members is not practical. The claims of

9  the Class members individually would be too small to justify individual cases. Even if any

10  Class member could afford individual litigation against Defendant, it would be unduly

11  burdensome to the court system. Individual litigation magnifies the delay and expense to all

12  parties. By contrast, a class action presents far fewer management difficulties and affords the

13  benefits of consistent court rulings, unitary adjudication, economies of scale and comprehensive

14  supervision by a single court. Concentrating this litigation in one forum will promote judicial

15  economy and parity among the claims of individual class members and judicial consistency.

16      24.   Notice of a the pendency of this action and of any result or resolution of the

17  litigation can be provided to Class members by first-class mail, email, publication, or such other

18  methods of notice as deemed appropriate by the Court.

19      25.   There is a well-defined community of interest in the questions of law and fact

20  involved in that all Class members have been harmed by Defendant's uniform course of

21  conduct. The action focuses on the Defendant's breach of an express warranty by description

22  uniformly made to all Class members, as well as uniform false and misleading sales practices

23  associated with the sale of the computers. Many issues of law or fact are common to the class

24  and they predominate over any individual questions. These common issues include, but are not

25  limited to, the following:

26      a.   Whether HP represented on its website that certain Intel and non-Intel wireless

27          cards were capable of dual-band connectivity when those wireless cards were not

28          designed to function on the 5.0 GHz band;

CLASS ACTION COMPLAINT

-5-

b.   Which HP notebook computer product lines contained white lists which allowed for one or more dual-band wireless cards and which did not; and

c.   Whether HP's representation of dual-band functionality created an express warranty by description.

26.   Defendant's defenses, to the extent that any such defenses apply, are applicable generally to Plaintiff as well as the Class.

**FIRST CAUSE OF ACTION**

**(Breach of Warranty by Description)**

27.   Plaintiff realleges, as if fully set forth, each and every allegation previously alleged.

28.   HP represented on its website that Plaintiff's and Class member's customized computers would contain a wireless card capable of functioning on the 2.4 GHz and 5.0 GHz bands. Implicit in that representation also is the affirmation that the computers' white lists would allow one or more dual-band wireless cards to operate.

29.   Specifically, for non-Intel wireless cards, HP represented on its website that the wireless cards "provide[] up to 270 Mbps in the 2.4 GHz and 5.0 GHz band." For Intel wireless cards available for customizable laptops, HP represented on its website that the wireless card would allow users to connect to the "802.11b, 802.11a, 802.11g and 802.11 draft N" infrastructures. The 802.11a infrastructure only operates in the 5.0 GHz band.

30.   In the trade in which Plaintiff, Class members, and HP are engaged, these descriptions mean that the wireless cards will be able to operate on the 5.0GHz frequency.

31.   In the trade in which Plaintiff, Class members, and HP are engaged, these descriptions mean that the computers equipped with such cards are configured to be compatible with one or more dual-band wireless cards.

32.   These descriptions were made a part of the basis of the bargain and created an express warranty that the goods would conform to the descriptions.

33.   Under controlling California law, and pursuant to the Official Comments to the Uniform Commercial Code from which California Commercial Code § 2313(1)(b) is drawn, all

CLASS ACTION COMPLAINT

1  statements become a part of the basis of the bargain unless good reason is shown to the contrary.

2  Accordingly, it is HP's burden to show prove that the resulting bargain does not rest at all on the

3  representation.

4      34.    HP breached the express warranty created by its product descriptions because the

5  wireless cards are not dual-band and the computers are not configured to be compatible with

6  available dual-band cards. Hence, neither Plaintiff nor any Class member can connect to the 5.0

7  GHz frequency, even if he or she separately purchased and installed a dual-band card.

8      35.    Plaintiff and Class members gave HP notice of its breach of the express

9  warranties created by its product descriptions within a reasonable time of discovering the

10  breaches.

11      36.    Plaintiff gave HP notice of its breach as early as January 2011. HP also was on

12  notice of its breach via written notices dated June 2010 and January 2012 on behalf of persons

13  who customized and purchased via HP's website computers equipped with wireless cards which

14  HP misrepresented as dual-band.

15      37.    As a direct and proximate result of HP's breaches, Plaintiff and Class members

16  sustained damages and other losses in an amount to be determined at trial. Plaintiff and Class

17  members are entitled to actual damages pursuant to California Commercial Code § 2714,

18  incidental and consequential damages pursuant to California Commercial Code § 2715, "cover"

19  damages pursuant to California Commercial Code § 2712, and are entitled to revoke their

20  acceptance of the goods pursuant to California Commercial Code § 2608. Plaintiff and Class

21  members seek an award of attorneys' fees and costs pursuant to California Code of Civil

22  Procedure § 1021.5.

23                            **SECOND CAUSE OF ACTION**

24      **[Violation of the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*]**

25      38.    Plaintiff realleges, as if fully set forth, each and every allegation previously

26  alleged.

27      39.    HP's laptop computers and wireless cards are "goods" as defined by California

28  Civil Code § 1761(a).

CLASS ACTION COMPLAINT

fbb1-#06818-v1-

1        40.     HP is a "person" as defined by California Civil Code § 1761(c).

2        41.     Plaintiff and Class members are "consumers" as defined by California Civil Code

3    § 1761(d).

4        42.     Plaintiff and Class members engaged in "transactions" as defined under

5    California Civil Code § 1761(e).

6        43.     Defendant's conduct violated and continues to violate the CLRA in at least the

7    following respects:

8        a.      Defendant represented to Plaintiff and the Class that the wireless cards equipped

9                in their computers, and the computers themselves, had or have characteristics or

10               benefits which they do not have, specifically that they could operate on both the

11               2.4 GHz and 5.0 GHz frequency bands (violation of § 1770(a)(5) of the CLRA);

12       b.      Defendant represented to Plaintiff and the Class that the wireless cards were of a

13               particular standard, quality or grade when they were of another, specifically that

14               they could operate on both the 2.4 GHz and 5.0 GHz frequency bands (violation

15               of § 1770(a)(7) of the CLRA); and

16       c.      Through both its written and oral communications (such as by HP technical

17               support), Defendant represented that the computers and wireless cards were

18               supplied in accordance with Defendant's previous representation(s), when they

19               were not (violation of § 1770(a)(16) of the CLRA).

20       44.     Defendant engaged in these unfair or deceptive practices with the intent that they

21   result, and which did result, in the sale of goods to Plaintiff and the Class.  As a result of

22   Defendant's practices, Plaintiff and Class members suffered damage.

23       45.     Defendant actively concealed and failed to disclose the true nature and

24   characteristics of its goods in order to induce consumers to believe such claims and lead them to

25   purchase and to retain Defendant's goods to their detriment.

26       46.     The fact that the wireless cards were unable to operate on the 5.0 GHz frequency

27   band is material in that a reasonable person would have considered it an important factor in his

28   or her decision to select the wireless card and to purchase the computer.

CLASS ACTION COMPLAINT

fcb1-866818-v1-

1   47.   The fact that the computer's white list would prohibit use of a dual-band wireless

2   card is material in that a reasonable person would have considered it an important factor in his

3   or her decision to purchase the computer.

4   48.   Pursuant to Section 1782 of the Act, Defendant was notified in writing of the

5   alleged violations of the Act on June 18, 2010. Defendant received written notice of the alleged

6   violations of the Act a second time in January 2012.  A demand was made of Defendant to take

7   such steps as are appropriate to rectify the problems associated with the (mis)representations

8   listed above and requested Defendant give notice to all affected consumers of its intent to so act.

9   49.   Plaintiff, on behalf of himself and all Class members, seeks an Order enjoining

10   Defendant from collecting money from Class members for technical support relating to the

11   failure of their computers to connect to the 5.0 GHz frequency, and enjoining Defendant from

12   collecting money from Class members to replace the wireless cards; an Order requiring

13   Defendant to replace the wireless cards with ones that operate on both the 2.4 GHz and 5.0 GHz

14   frequency bands as represented at no cost to Class members, and to take such additional steps as

15   necessary to ensure conforming wireless cards are compatible with Class members' operating

16   systems; an Order requiring Defendant to notify Class members of the misrepresentation, as

17   well as actual damages, restitution, and attorneys fees and costs and any other relief the Court

18   deems proper.

19   **PRAYER FOR RELIEF**

20   WHEREFORE, on his own behalf and on behalf of the Class, Plaintiff demands

21   judgment as follows:

22   A.   An Order certifying this action as a class action and appointing Plaintiff and his

23   counsel to represent the class;

24   B.   An Order providing restitution related to the sale, paid technical support, repair,

25   and/or replacement of the computers and/or the wireless network cards;

26   C.   An order requiring Defendant to provide products of equivalent or better value

27   which provide wireless dual-band connectivity;

28

CLASS ACTION COMPLAINT

fbb1-8668181-1-

1    D.    An Order requiring Defendant to compensate Plaintiff and the Class for actual

2          damages suffered;

3    E.    Declaratory relief;

4    F.    Statutory prejudgment interest;

5    G.    Attorneys' fees and costs of suit; and

6    H.    Such other and further relief as the Court deems just and proper.

7                          **JURY TRIAL DEMANDED**

8    Plaintiff hereby demands a trial by jury with respect to all issues so triable.

9

10   DATED: August 22, 2012                 **BRAMSON, PLUTZIK, MAHLER &**
                                             **BIRKHAEUSER, LLP**
11

12

13                                    By: _____

14                                         Jenelle Welling

15                                         2125 Oak Grove Road, Suite 120
                                           Walnut Creek, CA 94598
16                                         Telephone: (925) 945-0200
                                           Facsimile: (925) 945-8792
17

18                                         Attorneys for Plaintiff

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

SUM-100

**SUMMONS**
*(CITACION JUDICIAL)*

AUG 2 7 2012

S. LIVERSIDGE

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*



2012 AUG 22 ᗡ 12: 48

D. Wendel

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

HEWLETT-PACKARD COMPANY

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Nad Karim, on behalf of himself and all others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Santa Clara County Superior Court | CASE NUMBER: *(Número del Caso)* 112CV230910 |
|---|---|

191 N. First Street
San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jenelle Welling, 2125 Oak Grove Road, Suite 120, Walnut Creek, CA (925) 945-0200

DATE: AUG 2 2 2012    DAVID H. YAMASAKI    Clerk, by _____, Deputy
*(Fecha)*    Chief Executive Officer, Clerk    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served |
|---|---|
| | 1. ☐ as an individual defendant. |
| | 2. ☐ as the person sued under the fictitious name of *(specify):* |
| | 3. ☐ on behalf of *(specify):* |
| |    under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor) |
| |          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee) |
| |          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person) |
| |          ☐ other *(specify):* |
| | 4. ☐ by personal delivery on *(date):* |

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*




Case 4:12-cv-05240-PJH   Document 1-1   Filed 10/10/12   Page 15 of 22

ATTACHMENT CV-5012

# CIVIL LAWSUIT NOTICE

112CV230910

Superior Court of California, County of Santa Clara

CASE NUMBER: _____

191 N. First St., San Jose, CA 95113

## PLEASE READ THIS ENTIRE FORM

*PLAINTIFF* (the person suing):  Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

---

*DEFENDANT* (The person sued):  **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint;*
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions,
you may automatically lose this case.**

---

*RULES AND FORMS:*  You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms.  You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), www.scselfservice.org (Select "Civil") or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms:  http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):*  You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC.  You may ask to appear by telephone – see Local Civil Rule 8.*

---

Your Case Management Judge is:  **Honorable Mark H. Pierce** _____ Department: ____9____

The 1st CMC is scheduled for: (Completed by Clerk of Court)
        JAN -8 2013
        Date: _____  Time: **1:30 PM**  in Department: __9__

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
        Date: _____  Time: _____  in Department: _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):*  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference.  Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

Form CV-5012 REV 7/01/08                    **CIVIL LAWSUIT NOTICE**                    Page 1 of 1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< **Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties-to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

< Mediation may be appropriate when:
    < The parties want a non-adversary procedure
    < The parties have a continuing business or personal relationship
    < Communication problems are interfering with a resolution
    < There is an emotional element involved
    < The parties are interested in an injunction, consent decree, or other form of equitable relief

< **Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
    < The parties are far apart in their view of the law or value of the case
    < The case involves a technical issue in which the evaluator has expertise
    < Case planning assistance would be helpful and would save legal fees and costs
    < The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

< Arbitration is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties, then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
> < The action is for personal injury, property damage, or breach of contract
> < Only monetary damages are sought
> < Witness testimony, under oath, needs to be evaluated
> < An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

< Civil Judge ADR allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
> < The parties have complex facts to review
> < The case involves multiple parties and problems
> < The courthouse surroundings would be helpful to the settlement process

< Special masters and referees are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

< Settlement conferences are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

*Contact:*

Santa Clara County Superior Court
ADR Administrator
408-882-2530

Santa Clara County DRPA Coordinator
408-792-2704

---

### ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION

CV-5003 REV 6/08

RECEIVED

AUG 2 7 2012

S. LIVERSIDGE

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jenelle Welling (SBN 209480)<br>Bramson, Plutzik, Mahler & Birkhaeuser, LLP<br>2125 Oak Grove Road, Suite 120<br>Walnut Creek, CA  94596 | |

TELEPHONE NO.: (925) 945-0200          FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):* Plaintiff, Nad Karim, et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA  94511
BRANCH NAME:

PLAINTIFF/PETITIONER: Nad Karim

DEFENDANT/RESPONDENT: HEWLETT-PACKARD COMPANY

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>122CV230910 |
|---|---|

TO *(insert name of party being served):* Hewlett-Packard Company

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: August 23, 2012

Jenelle Welling, Esq.
(TYPE OR PRINT NAME)

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [ ]  A copy of the summons and of the complaint.
2. [ ]  Other *(specify):*

*(To be completed by recipient):*

Date this form is signed:

Samuel Liversidge, Esq.
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

RECEIVED

AUG 2 7 2012

S. LIVERSIDGE

1    Rob Bramson (State Bar No. 102006)
     Jenelle Welling (State Bar No. 209480)
2    BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
     2125 Oak Grove Road, Suite 120
3    Walnut Creek, CA 94598
     Telephone: (925) 945-0200
4    Facsimile: (925) 945-8792

5    *Attorneys for Plaintiff and Putative Class*

6                    **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

7                         **FOR THE COUNTY OF SANTA CLARA**

8

9    Nad Karim, on behalf of himself and all          Case No.: 112CV230910
     others similarly situated,
10
                                                       **PROOF OF SERVICE FOR CIVIL**
11               Plaintiff,                            **CASE COVER SHEET; SUMMONS;**
                                                       **CLASS ACTION COMPLAINT FOR**
12   vs.                                               **BREACH OF WARRANTY BY**
                                                       **DESCRIPTION and VIOLATION**
13   HEWLETT-PACKARD COMPANY,                          **OF THECONSUMERS LEGAL**
                                                       **REMEDIES ACT; CIVIL LAWSUIT**
14               Defendant.                            **NOTICE; NOTICE AND**
                                                       **ACKNOWLEDGMENT OF**
15                                                     **RECEIPT - CIVIL**

16

17

18                                                     Dept. 9
                                                       Honorable Mark H. Pierce
19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Bramson, Plutzik, Mahler & Birkhaeuser, LLP, 2125 Oak Grove Road, Suite 120, Walnut Creek, California 94598.  On August 23, 2012, I served the within documents:

- **CIVIL CASE COVER SHEET**
- **SUMMONS**
- **CLASS ACTION COMPLAINT FOR BREACH OF WARRANTY BY DESCRIPTION and VIOLATION OF THECONSUMERS LEGAL REMEDIES ACT**
- **CIVIL LAWSUIT NOTICE**
- **NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL**

☒ by placing a copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope by mail with postage thereon fully prepaid for deposit in the United States mail at Walnut Creek, California addressed as set forth below.

☐ By causing personal delivery of a copy of the document(s) listed above to the person(s) as set forth below.

☐ by depositing a true copy of the same enclosed in a sealed envelope with delivery fees provided for an Overnite Express/Federal Express pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ By pdf transmission on that date. These documents were transmitted via e-mail to the following e-mail addresses as set forth below.

Samuel Liversidge, Esq.                    Attorneys for Defendant,
Beth Richardson-Royer, Esq.           HEWLETT-PACKARD COMPANY
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Tel: (213) 229-7000
Fax: (213) 229-7520

I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct, executed on August 23, 2012, at Walnut Creek, California.

_Tracy Tappero_
Tracy Tappero

-1-

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Samuel Liversidge
Direct: +1 213.229.7420
Fax: +1 213.229.6420
SLiversidge@gibsondunn.com

Client: 38126-00648

September 12, 2012

<u>VIA UPS</u>

Jenelle Welling
Bramson, Plutzik, Mahler & Birkhaeuser, LLP
2125 Oak Grove Road
Suite 120
Walnut Creek, CA 94598

Re:   <u>Karim v. Hewlett-Packard; LASC Case No. 122CV230910</u>

Dear Ms. Welling:

Enclosed please find the original Notice of Acknowledgement of Receipt in the matter
mentioned above executed by Sam Liversidge which he asked me to return to you. Please
feel free to call me at (213) 229-7992 if you have any questions.

Sincerely,

Christopher Ginnaven
Asst. to Samuel Liversidge

SGL/ccg
Enclosure

101365582.1

Brussels · Century City · Dallas · Denver · Dubai · Hong Kong · London · Los Angeles · Munich · New York
Orange County · Palo Alto · Paris · San Francisco · São Paulo · Singapore · Washington, D.C.

AUG 27 2012

S. LIVERSIDGE

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Jenelle Welling (SBN 209480)
Bramson, Plutzik, Mahler & Birkhaeuser, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, CA  94596

TELEPHONE NO.: (925) 945-0200          FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff, Nad Karim, et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA  94511
BRANCH NAME:

PLAINTIFF/PETITIONER: Nad Karim

DEFENDANT/RESPONDENT: HEWLETT-PACKARD COMPANY

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>122CV230910 |
|---|---|

TO *(insert name of party being served):* Hewlett-Packard Company

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: August 23, 2012

Jenelle Welling, Esq.
(TYPE OR PRINT NAME)          ► (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☐ A copy of the summons and of the complaint.
2. ☐ Other *(specify):*

*(To be completed by recipient):*

Date this form is signed: 9/12/12

Samuel Liversidge, Esq.
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          ► (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)          ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|