| | |
|---|---|
| 1 | BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP |
| | Robert M. Bramson (State Bar No. 102006) |
| 2 | Jenelle Welling (State Bar No. 209480) |
| | 2125 Oak Grove Road, Suite 120 |
| 3 | Walnut Creek, CA 94598 |
| | Telephone: (925) 945-0200 |
| 4 | Facsimile: (925) 945-8792 |

*Attorneys for Plaintiff and Putative Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAD KARIM, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>　　　　　　　　　　　　Defendant. | Case No. CV 12-05240 PJH<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. **BREACH OF WARRANTY BY DESCRIPTION;**<br>　　and<br>2. **VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT (CIV. CODE §1750 et seq.)**<br><br>**JURY TRIAL DEMANDED** |

FIRST AMENDED COMPLAINT
71436

Plaintiff Nad Karim on behalf of himself and all others similarly situated, alleges:

## PARTIES

1. Plaintiff Nad Karim is a resident of Palo Alto, California. Plaintiff customized and purchased an HP dv7t-4100 CTO Select Edition Entertainment Notebook PC from HP's website in November 2010.

2. Defendant HP is incorporated in Delaware, but maintains its principal place of business in Palo Alto, California.

## JURISDICTION

3. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## FACTUAL ALLEGATIONS

4. HP offers customers the ability to purchase customized computers directly from it through its website.

5. When customizing a computer through HP's website, HP makes representations about various components that can be selected for the computer through "help me decide" and other content on its website.

6. HP represented that consumers could customize laptop computers to be equipped with wireless cards which could operate on both the 2.4GHz and the 5GHz bands.

7. Wireless cards which can operate on both the 2.4GHz and the 5GHz bands are commonly called "dual band" wireless cards.

8. Specifically, HP represented that the wireless cards for certain computers "provide[] up to 270 Mbps in the 2.4GHz and 5GHz band."

9. For other computers, HP represented that the wireless card would allow users to connect to the "802.11b, 802.11a, 802.11g and 802.11 draft N" infrastructures.

10. The 802.11a infrastructure only operates in the 5GHz band.

11. The 5GHz band has certain advantages over the 2.4GHz band.  Among the advantages is that the 5GHz band is less crowded, and thus subject to less congestion and speed degradation than the 2.4GHz band.  Numerous devices, such as many cordless phones, baby monitors, and microwave ovens, either broadcast or cause interference on the 2.4GHz band.

FIRST AMENDED COMPLAINT
71436

-1-

1  Another advantage of the 5GHz band is the ability to use what are known as "double-wide
2  40MHz frequency channels" allowing for greater data throughput resulting in higher data
3  transfer speeds. The upshot of these differences, among others, is that a 5GHz signal promises a
4  faster wireless connection with less interference.

5      12.     The representations about dual-band connectivity were created in and emanated
6  from California. The persons who manage and edit content for HP's website (known as the
7  "home & home office store"), particularly the persons who manage and edit the "help me
8  decide" content for networking/wireless cards, are located in California.

9      13.     On November 22, 2010, Plaintiff visited HP's website and customized an HP
10 Pavilion dv7t Select Edition Entertainment Notebook PC, purchasing it for $899.99 plus tax,
11 after an "instant discount" of $400.

12     14.     Plaintiff went through the steps prompted by HP on its website to customize
13 various features of his computer. When he got to the section to select a wireless card, he read
14 HP's description of the wireless card. HP represented that the wireless card option for his base
15 model would operate on both the 2.4GHz and the 5GHz frequencies. Plaintiff selected the
16 wireless card to be included in his customized computer.

17     15.     HP equipped Plaintiff's laptop with an Intel Centrino-N 1000 802.11 b/g/n
18 wireless card, which is HP Part Number 593530-001. This is a single-band card capable of
19 operating only on the 2.4GHz frequency. Nonetheless, HP had represented this card as
20 containing 802.11a technology which only operates on the 5GHz band.

21     16.     This was not a one-off manufacturing error related solely to Plaintiff's laptop.
22 With very limited exceptions, none of the laptops customized to come equipped with cards
23 represented as dual-band contained a dual-band wireless card.

24     17.     HP controls the components that will function in its computers through a "white
25 list". A "white list" is a list of components and devices approved by HP to operate with its
26 products. Every time a user boots up his or her computer, the computer automatically verifies
27 that the installed components match with those approved on HP's "white list". If the computer
28 detects an installed component that is not on the white list, the user will receive an error

FIRST AMENDED COMPLAINT
71436

1  message for that component and the component will not function. HP's white list for many of
2  the laptops at issue here did not include authorization for any dual-band wireless cards. Thus,
3  even if Plaintiff or class members separately purchased a dual-band card and installed it, it still
4  would not function.

5        18.     Plaintiff expected that his computer would contain a dual-band wireless card and
6  that his computer would be configured in a manner allowing it to operate with a dual-band card.
7  After receiving his computer and unsuccessfully trying to connect it to his properly equipped
8  router on the 5GHz band, Plaintiff contacted HP's technical support team in January 2011.

9        19.     HP's technical support team told Plaintiff to purchase and install a dual-band
10 wireless card made by Broadcom, specifically, the Broadcom 4322 card, and stated that the card
11 would be compatible with his computer.

12       20.     HP's Maintenance and Service Guide for Plaintiff's computer also lists the
13 Broadcom 4322 card as a dual-band card compatible with Plaintiff's computer.

14       21.     Plaintiff purchased the card that HP's technicians recommended and followed
15 HP's steps to install it. It did not work. Plaintiff received an error message, warning of an
16 incompatible or unsupported wireless device. His computer's white list did not permit use of the
17 dual-band card. Updating his BIOS did not solve the problem. Thus, despite the written
18 affirmations on HP's website that the wireless card would be dual-band and that the computer
19 would be compatible with one or more dual-band wireless cards, neither Plaintiff's computer
20 nor class members' computers came equipped with dual-band cards nor are their computers
21 compatible with one or more dual-band cards due to the white list restrictions.

22       22.     HP never resolved Plaintiff's complaint that his wireless card was not dual-band
23 and that his computer could not support a dual-band card.

24       23.     Plaintiff would have paid less for the computer or would not have purchased it
25 had he known that neither it nor the wireless card with which it would be equipped could
26 operate on both the 2.4GHz and 5GHz frequencies. Plaintiff would not have purchased a
27 replacement dual-band capable card had he known that his computer would not permit the card
28 to function.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action on behalf of himself and all others similarly situated. The proposed Class who Plaintiff seeks to represent is defined as:

> All persons who, between January 1, 2010 and April 11, 2011, customized and purchased from HP's website at least one of the following computers: Compaq Mini CQ10; Compaq Presario CQ61z; Compaq Presario CQ62z; Mini 110; Mini 210; Mini 210 HD; Mini 210 Vivienne Tam Edition; dm1z; dm3t; dm3z; dm4t; dm4z; dv4i; dv4t; dv5t; dv6t; dv6t Select Edition; dv6z; dv6z Select Edition; dv7t; dv7t Select Edition; G42t; G60t; G62t; G71t; G72t; or tm2t; and whose computer was shipped to a California address.

Excluded from the class are purchasers who returned their computers, purchasers whose computers were equipped with an 802.11a/b/g/n or an 802.11a/g/n compliant WLAN card, and purchasers of dv5t series computers who selected a wireless card requiring an additional payment. Also excluded from the Class is Defendant, its officers, directors, agents, employees, principals, partners, joint venturers, or entities controlled by Defendant, and its heirs, successors, assigns, or other entities related to or affiliated with Defendant and/or its officers and/or directors, or any of them; the Judge assigned to this action; and any member of the Judge's immediate family.

25. The Class consists of tens of thousands of individuals and is so numerous that joinder of all members as individual plaintiffs is impracticable. Though the exact number and identity of Class members is not presently known, they can be identified in Defendant's records.

26. Plaintiff's claims are typical of the claims of Class members, each of whom has sustained injury as a proximate or legal result of Defendant's (mis)representations and actions. Plaintiff's claims are typical of those of the Class because Defendant subjected all class members to the same misrepresentation and course of conduct. Plaintiff, like each class member, customized a laptop from HP's website and selected a wireless card that HP represented as having dual-band capability, but received a product incapable of operating on both the 2.4GHz and 5GHz bands.

27. Plaintiff has retained counsel competent in class action litigation. Plaintiff has no interests contrary to or in conflict with those of the Class he seeks to represent.

FIRST AMENDED COMPLAINT
71436

-4-

28.     Under the facts and circumstances alleged herein, class action proceedings are superior to any other methods available for both fair and efficient adjudication of the rights of each member of the Class. Joinder of individual Class members is not practical.  The claims of the Class members individually would be too small to justify individual cases.  Even if any Class member could afford individual litigation against Defendant, it would be unduly burdensome to the court system.  Individual litigation magnifies the delay and expense to all parties.  By contrast, a class action presents far fewer management difficulties and affords the benefits of consistent court rulings, unitary adjudication, economies of scale and comprehensive supervision by a single court.  Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual class members and judicial consistency.

29.     Notice of a the pendency of this action and of any result or resolution of the litigation can be provided to Class members by first-class mail, email, publication, or such other methods of notice as deemed appropriate by the Court.

30.     There is a well-defined community of interest in the questions of law and fact involved in that all Class members have been harmed by Defendant's uniform course of conduct.  The action focuses on the Defendant's breach of an express warranty by description uniformly made to all Class members, as well as uniform false and misleading sales practices associated with the sale of the computers.  Many issues of law or fact are common to the class and they predominate over any individual questions.  These common issues include, but are not limited to, the following:

   a.   Whether, by describing a wireless card as allowing "flexibility to connect to most available industry standard base WLAN (802.11b, 802.11a, 802.11g and 802.11 draft N) infrastructures," HP represented that the wireless card would be dual band;

   b.   Whether, by describing a wireless card as providing speeds "in the 2.4GHz and 5GHz band," HP represented that the wireless card would be dual band;

   c.   Whether HP's representation of dual-band functionality created an express warranty by description; and

       d.      Whether, by equipping computers with single band wireless cards, HP breached its warranty by description.

## FIRST CAUSE OF ACTION

### (Breach of Warranty by Description)

31.    Plaintiff realleges, as if fully set forth, each and every allegation previously alleged.

32.    HP represented on its website that Plaintiff's and Class member's customized computers would contain a wireless card capable of functioning on the 2.4GHz and 5GHz bands. Implicit in that representation also is the affirmation that the computers' white lists would allow one or more dual-band wireless cards to operate.

33.    Specifically, HP represented on its website that the wireless cards for certain computers "provide[] up to 270 Mbps in the 2.4GHz and 5GHz band." For other computers, HP represented on its website that the wireless card would allow users "the flexibility to connect to most available industry standard base WLAN (802.11b, 802.11a, 802.11g and 802.11 draft N) infrastructures." The 802.11a infrastructure only operates in the 5GHz band.

34.    In the trade in which Plaintiff, Class members, and HP are engaged, these descriptions mean that the wireless cards will be able to operate on the 5GHz frequency.

35.    In the trade in which Plaintiff, Class members, and HP are engaged, these descriptions mean that the wireless cards will be dual band.

36.    In the trade in which Plaintiff, Class members, and HP are engaged, these descriptions mean that the computers equipped with such cards are configured to be compatible with one or more dual-band wireless cards.

37.    These descriptions were made a part of the basis of the bargain and created an express warranty that the goods would conform to the descriptions.

38.    Under controlling California law, and pursuant to the Official Comments to the Uniform Commercial Code from which California Commercial Code § 2313(1)(b) is drawn, all statements become a part of the basis of the bargain unless good reason is shown to the contrary.

1  Accordingly, it is HP's burden to show prove that the resulting bargain does not rest at all on the
2  representation.

3  39. HP breached the express warranty created by its product descriptions because the
4  wireless cards are not dual-band and the computers are not configured to be compatible with
5  available dual-band cards. Hence, neither Plaintiff nor any Class member can connect to the
6  5GHz frequency, even if he or she separately purchased and installed a dual-band card.

7  40. Plaintiff and Class members gave HP notice of its breach of the express
8  warranties created by its product descriptions within a reasonable time of discovering the
9  breaches.

10  41. Plaintiff gave HP notice of its breach as early as January 2011. HP also was on
11  notice of its breach via written notices dated June 2010 and January 2012 on behalf of persons
12  who customized and purchased via HP's website computers equipped with wireless cards which
13  HP misrepresented as dual-band.

14  42. As a direct and proximate result of HP's breaches, Plaintiff and Class members
15  sustained damages and other losses in an amount to be determined at trial. Plaintiff and Class
16  members are entitled to actual damages pursuant to California Commercial Code § 2714,
17  incidental and consequential damages pursuant to California Commercial Code § 2715, "cover"
18  damages pursuant to California Commercial Code § 2712, and are entitled to revoke their
19  acceptance of the goods pursuant to California Commercial Code § 2608. Plaintiff and Class
20  members seek an award of attorneys' fees and costs pursuant to California Code of Civil
21  Procedure § 1021.5.

22  **SECOND CAUSE OF ACTION**

23  **[Violation of the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*]**

24  43. Plaintiff realleges, as if fully set forth, each and every allegation previously
25  alleged.

26  44. HP's laptop computers and wireless cards are "goods" as defined by California
27  Civil Code § 1761(a).

28  45. HP is a "person" as defined by California Civil Code § 1761(c).

FIRST AMENDED COMPLAINT
71436
-7-

46. Plaintiff and Class members are "consumers" as defined by California Civil Code § 1761(d).

47. Plaintiff and Class members engaged in "transactions" as defined under California Civil Code § 1761(e).

48. Defendant's conduct violated and continues to violate the CLRA in at least the following respects:

    a. Defendant represented to Plaintiff and the Class that the wireless cards equipped in their computers, and the computers themselves, had or have characteristics or benefits which they do not have, specifically that they could operate on both the 2.4GHz and 5GHz bands (violation of § 1770(a)(5) of the CLRA);

    b. Defendant represented to Plaintiff and the Class that the wireless cards were of a particular standard, quality or grade when they were of another, specifically that they could operate on both the 2.4GHz and 5GHz frequency bands (violation of § 1770(a)(7) of the CLRA); and

    c. Through both its written and oral communications (such as by HP technical support), Defendant represented that the computers and wireless cards were supplied in accordance with Defendant's previous representation(s), when they were not (violation of § 1770(a)(16) of the CLRA).

49. Defendant engaged in these unfair or deceptive practices with the intent that they result, and which did result, in the sale of goods to Plaintiff and the Class. As a result of Defendant's practices, Plaintiff and Class members suffered damage.

50. Defendant actively concealed and failed to disclose the true nature and characteristics of its goods in order to induce consumers to believe such claims and lead them to purchase and to retain Defendant's goods to their detriment.

51. The fact that the wireless cards were unable to operate on the 5GHz band is material in that a reasonable person would have considered it an important factor in his or her decision to select the wireless card and to purchase the computer.

52.     The fact that the computer's white list would prohibit use of a dual-band wireless card is material in that a reasonable person would have considered it an important factor in his or her decision to purchase the computer.

53.     Pursuant to Section 1782 of the Act, Defendant was notified in writing of the alleged violations of the Act on June 18, 2010. Defendant received written notice of the alleged violations of the Act a second time in January 2012.  A demand was made of Defendant to take such steps as are appropriate to rectify the problems associated with the (mis)representations listed above and requested Defendant give notice to all affected consumers of its intent to so act.

54.     Plaintiff, on behalf of himself and all Class members, seeks an Order enjoining Defendant from collecting money from Class members for technical support relating to the failure of their computers to connect to the 5GHz frequency, and enjoining Defendant from collecting money from Class members to replace the wireless cards; an Order requiring Defendant to replace the wireless cards with ones that operate on both the 2.4GHz and 5GHz frequency bands as represented at no cost to Class members, and to take such additional steps as necessary to ensure conforming wireless cards are compatible with Class members' operating systems; an Order requiring Defendant to notify Class members of the misrepresentation, as well as actual damages, restitution, and attorneys fees and costs and any other relief the Court deems proper.

## **PRAYER FOR RELIEF**

WHEREFORE, on his own behalf and on behalf of the Class, Plaintiff demands judgment as follows:

A.  An Order certifying this action as a class action and appointing Plaintiff and his counsel to represent the class;

B.  An Order providing restitution related to the sale, paid technical support, repair and/or replacement of the computers and/or the wireless network cards;

C.  An order requiring Defendant to provide products of equivalent or better value which provide wireless dual-band connectivity;

FIRST AMENDED COMPLAINT
71436

D. An Order requiring Defendant to compensate Plaintiff and the Class for actual damages suffered;

E. Declaratory relief;

F. Statutory prejudgment interest;

G. Attorneys' fees and costs of suit; and

H. Such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury with respect to all issues so triable.

DATED:  October 28, 2014  **BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP**

By:   /s/   Jenelle Welling
       Jenelle Welling

2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone: (925) 945-0200
Facsimile: (925) 945-8792

Attorneys for Plaintiff