```
                                                    PAGES 1 - 13

                    UNITED STATES DISTRICT COURT

                  NORTHERN DISTRICT OF CALIFORNIA

NAD KARIM,                     )
                               )
         PLAINTIFF,            )   NO. C-12-5240 PJH
                               )
  VS.                          )   WEDNESDAY, DECEMBER 24, 2014
                               )
HEWLETT-PACKARD COMPANY,       )   OAKLAND, CALIFORNIA
                               )
                               )   DEFENDANT'S MOTION TO STRIKE
                               )
         DEFENDANT.            )
_____)
```

**BEFORE THE HONORABLE PHYLLIS J. HAMILTON, JUDGE**

**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

**FOR PLAINTIFF:**         BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER
                           2125 OAK GROVE ROAD, STE. 120
                           WALNUT CREEK, CALIFORNIA 94598
                      BY:  JENELLE WELLING, ESQUIRE


**FOR DEFENDANT:**         GIBSON, DUNN & CRUTCHER
                           333 SOUTH GRAND AVENUE
                           LOS ANGELES, CALIFORNIA 90071
                      BY:  BLAINE H. EVANSON, ESQUIRE



**REPORTED BY:**           DIANE E. SKILLMAN, CSR 4909, RPR, FCRR
                           OFFICIAL COURT REPORTER

      TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION

```
1    WEDNESDAY, DECEMBER 24, 2014                              9:25 A.M.
2                          P R O C E E D I N G S
3         THE CLERK:  CALLING CIVIL CASE 12-5240 KARIM VERSUS
4    HEWLETT-PACKARD.
5         APPEARANCES.
6         MR. EVANSON:  BLAINE EVANSON ON BEHALF OF DEFENDANT,
7    HP.
8         MS. WELLING:  JENELLE WELLING ON BEHALF OF PLAINTIFF.
9         THE COURT:  ALL RIGHT.  WE HAVE TWO MOTIONS ON THIS
10   MORNING.  THE PLAINTIFF'S MOTION TO AMEND AND THE AMENDMENT
11   GOES TO THE START DATE OF THE CLASS PERIOD, AND THE
12   DEFENDANT'S MOTION TO STRIKE CERTAIN AMENDMENTS MADE IN THE
13   LAST AMENDED COMPLAINT.
14      WE WILL START FIRST WITH PLAINTIFF'S MOTION.  DID YOU WANT
15   TO ADD ANYTHING, COUNSEL?
16        MS. WELLING:  YOUR HONOR, I THINK OUR BRIEFING
17   COVERED THE ESSENTIAL INFORMATION FOR THE COURT.  IF THE COURT
18   HAS QUESTIONS, I'M, OF COURSE, HAPPY TO ANSWER THEM.
19        THE COURT:  I DO.
20      I'M A LITTLE UNCLEAR.  I MEAN IT SEEMS TO ME THE MOTION TO
21   AMEND IS BASED UPON SOME NEWLY DISCOVERED INFORMATION THAT
22   WOULD SUPPORT THE CHANGE IN THE CLASS START DATE.
23      I'M A LITTLE UNSURE ABOUT THE CHRONOLOGY OF EVENTS.  SO I
24   WOULD LIKE TO GO THROUGH THAT TOGETHER.  AND I JUST WANT TO
25   MAKE SURE I UNDERSTAND THE DATES.
```

1       THE -- I BELIEVE THAT THE COMPLAINT ORIGINALLY HAD A CLASS
2  PERIOD OF JANUARY 10TH, 2010 TO JULY 1ST, 2011.  DURING THE
3  LAST ROUND OF MOTIONS THE END DATE WAS CHANGED TO APRIL 11TH,
4  2011.
5       BUT NOW YOU WISH TO HAVE THE START DATE ADVANCE FROM
6  JANUARY 10TH, 2010 IS IT TO OCTOBER 18TH, 2009 OR
7  OCTOBER 21ST, 2009 OR --
8           **MS. WELLING:**  IT'S OCTOBER 18TH, 2009.
9           **THE COURT:**  OCTOBER 18TH, 2009.  OKAY.  AND THAT'S
10 BASED UPON YOUR HAVING DISCOVERED WHAT?  AND WHEN DID YOU MAKE
11 THAT DISCOVERY?
12          **MS. WELLING:**  WE REQUESTED AN INTERROGATORY FOR HP TO
13 STATE THE FIRST DATE THAT THEY SOLD A COMPUTER THAT CONTAINED
14 A WIRELESS CARD THAT DID NOT MATCH THE DESCRIPTION ON THE
15 "HELP ME DECIDE" CONTENT THAT WAS IDENTICAL TO THE "HELP ME
16 DECIDE" CONTENT THAT THE PLAINTIFF VIEWED.  AND THE HP'S
17 RESPONSE WAS OCTOBER 18TH, 2009.
18      WE -- THAT WAS THE DATE THAT WE INCLUDED THEN IN OUR
19 INITIAL CLASS CERTIFICATION MOTION.  SUBSEQUENT TO THOSE
20 PROCEEDINGS --
21          **THE COURT:**  WAIT.  THAT WAS THE DATE YOU INCLUDED IN
22 YOUR INITIAL MOTION.  I THOUGHT YOUR INITIAL MOTION ASKED FOR
23 THE SAME DATE AS IN YOUR COMPLAINT.
24          **MS. WELLING:**  THE INITIAL CLASS CERTIFICATION MOTION
25 INCLUDED THE OCTOBER --

```
1           THE COURT:  THE OCTOBER DATE.
2           MS. WELLING:  IT DID.
3           THE COURT:  WHICH WAS DIFFERENT THAN WHAT YOU
4    ASSERTED IN YOUR COMPLAINT.
5           MS. WELLING:  CORRECT.  CORRECT.  AND SO AS WE HAVE
6    BEEN GOING THROUGH THIS PROCESS TO HAVE THE COMPLAINT MATCH --
7           THE COURT:  RIGHT.
8           MS. WELLING:  -- WITH THE PROCEEDINGS NOW, WE CAME
9    INTO INFORMATION THAT SUGGESTED PERHAPS THAT THE DATE WAS
10   EARLIER THAN OCTOBER 18TH, 2009.  SO WE ISSUED DISCOVERY TO
11   DETERMINE --
12          THE COURT:  WHEN DID YOU COME UPON THAT INFORMATION?
13      ARE YOU REFERRING TO INTERROGATORY 16?
14          MS. WELLING:  SO INTERROGATORY 16, I BELIEVE, THAT'S
15   THE INITIAL INTERROGATORY THAT STATED OCTOBER 18TH, 2009.
16          THE COURT:  AND YOU RECEIVED THAT IN AUGUST OF 2013?
17          MS. WELLING:  CORRECT.  WE RECEIVED THAT, I BELIEVE
18   IT WAS THE DAY BEFORE WE FILED OUR CLASS CERTIFICATION MOTION.
19          THE COURT:  ALL RIGHT.  SO HOW IS THAT NEW
20   INFORMATION?
21          MS. WELLING:  BECAUSE WHAT WE LEARNED WAS -- WELL,
22   OUR INVESTIGATION REVEALED THAT THE DATE ACTUALLY COULD HAVE
23   BEEN EARLIER.  SO WE PROPOUNDED ADDITIONAL DISCOVERY TO REALLY
24   FERRET OUT IS IT TRULY OCTOBER 18TH.
25      THERE WAS OBJECTIONS TO HP RESPONDING TO THAT DISCOVERY.
```

1  THEY WERE PART OF A DEBATE THAT WAS PART OF THE MOTION TO
2  COMPEL THAT ULTIMATELY WAS TERMINATED BY MAGISTRATE.
3      WHEN WE SAW THIS COURT AGAIN AND ALLOWED THE CALIFORNIA
4  CLASS WITH THE ADJUSTED END DATE, FOLLOWING THAT HEARING, HP
5  DID RESPOND TO THE OUTSTANDING DISCOVERY TO CLARIFY THE START
6  DATE.  AND THE INFORMATION THEY PROVIDED INDICATED TO US THAT,
7  IN FACT, IT WAS OCTOBER 18TH AND NOT EARLIER LIKE WE HAD COME
8  TO BELIEVE.
9      SO IT'S BEEN A ROUND-ABOUT PROCESS, BUT WE ARE -- WE TAKE
10 AT FACE VALUE THAT HP IS GIVING TRUTHFUL RESPONSES TO THEIR
11 INTERROGATORIES, AND SO THE DATE IS OCTOBER 18TH.
12           **THE COURT:**  BUT THAT IS THE DATE THEY GAVE YOU IN
13 AUGUST 2013.
14           **MS. WELLING:**  THAT'S TRUE.  AND WHEN WE DETERMINED
15 THAT SOME OF THE COMPUTER MODELS WERE SOLD EARLIER THAN THAT
16 DATE, WE UNDERTOOK DISCOVERY TO DETERMINE WHAT THE CONTENT
17 MIGHT HAVE SAID FOR THOSE EARLIER SALES.  THEY DO CHANGE
18 OCCASIONALLY, THE CONTENT ON THEIR WEBSITE.
19      SO WHEN THE COURT INSTRUCTED US THE LAST TIME WE WERE HERE
20 AND THE COURT SAID, LOOK, IF YOU ARE GOING TO CHANGE THE START
21 DATE, YOU REALLY NEED TO BE SURE WHAT IT IS.  AND WE HAD
22 PENDING DISCOVERY ON IT, SO WE GOT THAT DISCOVERY AND WE THEN
23 CONFIRMED, ALL RIGHT, THIS REALLY IS THE DATE.
24           **THE COURT:**  SO THEIR FIRST ANSWERS WEREN'T
25 TRUSTWORTHY ENOUGH FOR YOU TO HAVE MADE THE ALLEGATION ON THAT

1  BASIS?
2          **MS. WELLING:**  THEY -- THE -- THE -- THE UNDERLYING,
3  THE UNDERLYING INVESTIGATION WAS THERE'S TWO VERSIONS OF THE
4  "HELP ME DECIDE" CONTENT.  AND, YOU KNOW, THE COURT'S GOING TO
5  HEAR MORE ABOUT THAT AT THE NEXT ROUND OF CLASS CERTIFICATION.
6  SO THERE'S TWO VERSIONS OF THE "HELP ME DECIDE" CONTENT.  AND
7  WE HAD CONFIRMED THE MODELS WITH CALL IT VERSION A, AND THAT
8  WAS OCTOBER 18TH.  BUT WE CAME -- OUR INVESTIGATION THOUGHT
9  THAT THE VERSION B MIGHT HAVE BEEN RELEASED EARLIER.  SO WE
10 WERE LOOKING AT WHAT VERSION B DATES, BUT WE HAVE NOW
11 CONFIRMED THAT THE VERSION B WAS RELEASED LATER THAN VERSION A
12 SO THAT WE NOW ARE SURE WE HAVE THE CORRECT DATES.
13         **THE COURT:**  SO WHAT IS THE DATE OF YOUR DISCOVERY
14 THAT WOULD JUSTIFY YOU CHANGING THE DATE EVEN THOUGH THE LAST
15 MOTION I SAID YOU COULDN'T?
16         **MS. WELLING:**  RIGHT.
17         **THE COURT:**  WHAT'S DIFFERENT?
18         **MS. WELLING:**  SO WHEN YOU SAID THAT YOU WANTED TO
19 KNOW THAT WHEN THE DATE WAS CHANGED, THAT IT WAS BASED ON A
20 SOLID FOUNDATION, AND I EXPLAINED, WELL, WE HAVE OUTSTANDING
21 DISCOVERY THAT WILL INDICATE FOR SURE.  AND YOU SAID, OKAY, I
22 WANT YOU TO HAVE THAT FOR SURE.
23    SO WHEN -- WITHIN SIX OR SEVEN DAYS OF GETTING THAT
24 INFORMATION AND WE WERE SURE IS WHEN WE FILED THIS MOTION.  SO
25 AS WE -- AS WE BECAME SURE OF THE DATE, IT WAS WITHIN A WEEK

| | |
|---|---|
| 1 | THAT WE FILED THIS REQUEST. |
| 2 |     **THE COURT:** ALL RIGHT. SO CAN YOU TELL ME THE DATE, |
| 3 | THE OPERATIVE DATE WHERE YOU BECAME AWARE. WAS IT THE OCTOBER |
| 4 | DATE WHEN YOU RECEIVED THE RESPONSES TO THE INTERROGATORY |
| 5 | NUMBER 21, WHICH THERE'S SOME DISCUSSION ABOUT IN THE PAPERS, |
| 6 | IS THAT THE DATE? |
| 7 |     **MS. WELLING:** RIGHT, THE LATER INTERROGATORY. SO WE |
| 8 | RECEIVED THAT IN OCTOBER -- |
| 9 |     **THE COURT:** BUT THAT DIDN'T -- |
| 10 |     **MS. WELLING:** -- OF THIS YEAR. |
| 11 |     **THE COURT:** THAT DIDN'T HAVE THE AUGUST -- |
| 12 | OCTOBER 2009 DATE, IT HAD A JANUARY 2010 DATE. |
| 13 |     **MS. WELLING:** CORRECT. BUT WHAT WE THOUGHT, WE |
| 14 | THOUGHT THE VERSION B "HELP ME DECIDE" CONTENT, OUR |
| 15 | INVESTIGATION INDICATED THAT THAT CONTENT WAS RELEASED IN |
| 16 | AUGUST OF 2009. |
| 17 | SO THE -- WHAT WE WERE TRYING TO DETERMINE IS ARE THEIR |
| 18 | SIX MORE WEEKS OF SALES? DOES IT GO BACK TO OCTOBER 18TH, |
| 19 | 2009 OR IS THERE ABOUT THREE MORE MONTHS OF ADDITIONAL SALES, |
| 20 | DOES IT GO BACK TO AUGUST 2009. |
| 21 | SO THAT IS WHAT WE WERE TRYING TO DETERMINE, HOW FAR BACK, |
| 22 | BECAUSE OUR INFORMATION INDICATED IT MIGHT HAVE STARTED IN |
| 23 | AUGUST. SO WHEN HP CONFIRMED FOLLOWING THE LAST VISIT TO YOUR |
| 24 | HONOR THAT ACTUALLY VERSION B WAS IN JANUARY, SO THEN WE KNEW, |
| 25 | OKAY, THEN THE EARLIER THE SALE COULD HAVE BEEN WAS OCTOBER. |

1           **THE COURT:** OKAY. ALL RIGHT. ANYTHING ELSE?

2           **MS. WELLING:** NO, YOUR HONOR.

3           **THE COURT:** ALL RIGHT. ANY RESPONSE?

4           **MR. EVANSON:** YES, TWO RESPONSES, YOUR HONOR.

5      FIRST OF ALL, AS YOUR QUESTIONS INDICATE, THIS LATEST

6   INTERROGATORY RESPONSE IS NOT NEW EVIDENCE. IT SIMPLY

7   CONFIRMED THE PREVIOUS INTERROGATORY RESPONSE WHICH SAID THAT

8   OCTOBER WAS THE FIRST DATE THAT A COMPUTER WAS SOLD WITH THE

9   STATEMENT AT ISSUE.

10     THE SUBSET OF COMPUTERS THAT SHE'S TALKING ABOUT HAD A

11  LATER START DATE. SO THAT'S NOT NEW EVIDENCE THAT SUGGESTS AN

12  EARLIER START DATE. IF ANYTHING IT'S NEW EVIDENCE THAT'S

13  SUGGESTED FOR THAT SUBSET -- THAT SHOWS FOR THAT SUBSET OF

14  COMPUTERS IT'S A LATER START DATE.

15     SO THERE'S NO NEW EVIDENCE. IF THERE'S INVESTIGATION THAT

16  PLAINTIFF HAS DONE THAT SUGGESTS SOMETHING ELSE, WE HAVEN'T

17  SEEN IT. WE HAVE NO IDEA WHAT THAT IS. AND WE STAND BY OUR

18  DISCOVERY RESPONSES. THOSE HAVE BEEN IN PLACE FOR OVER A YEAR

19  AND A HALF -- ALMOST A YEAR HALF.

20     AND THE OTHER POINT, YOUR HONOR, IS THAT THIS IS ALL

21  HAPPENING AFTER CLASS CERTIFICATION HAD ALREADY BEEN BRIEFED.

22  THIS IS ALL A NEW ROUND OF DISCOVERY THAT'S -- THAT WE THINK

23  IS INAPPROPRIATE IN ITS OWN RIGHT. WE THINK THAT WE SHOULD

24  STAND WITH THE DISCOVERY RESPONSES THAT WERE -- THAT WERE

25  SERVED BEFORE CLASS CERTIFICATION BRIEFING OCCURRED, AND SINCE

```
 1   THERE'S NO NEW EVIDENCE AND THERE'S NO REASON TO GRANT LEAVE
 2   TO AMEND.
 3           THE COURT:  OKAY.  ALL RIGHT.  ANYTHING ELSE?
 4           MS. WELLING:  NO, YOUR HONOR.
 5           THE COURT:  ALL RIGHT.  MOVING TO THE MOTION TO
 6   STRIKE.  THIS IS THE DEFENDANT'S MOTION.
 7       ANYTHING YOU WANT TO ADD?
 8           MR. EVANSON:  IT'S PRETTY STRAIGHTFORWARD, YOUR
 9   HONOR.  YOUR HONOR COULD NOT HAVE BEEN CLEARER IN THE PREVIOUS
10   ORDER THAT THERE WERE TWO CHANGES AUTHORIZED TO THE COMPLAINT
11   THAT PLAINTIFF WAS ALLOWED TO MAKE.  HE MADE THREE.  AND THE
12   THIRD CHANGE, I -- I DON'T UNDERSTAND HOW IT IS PERMITTED BY
13   THE COURT'S ORDER.  SO I DON'T REALLY HAVE ANYTHING TO ADD TO
14   OUR BRIEF.
15           THE COURT:  THAT CHANGE IS WITH RESPECT TO THE
16   IDENTIFICATION OF THE 27 MODELS?  BECAUSE THE OTHER
17   INFORMATION WAS WITHDRAWN.  THE OTHER -- AS I UNDERSTAND ALL
18   THE ALLEGATIONS OF WRONGDOING ON HP'S PART THAT WERE ADDED TO
19   THE COMPLAINT WITHOUT PERMISSION OF THE COURT HAVE
20   SUBSEQUENTLY BEEN WITHDRAWN.
21           MR. EVANSON:  THAT'S CORRECT, YOUR HONOR.  SO THE --
22   THE LANGUAGE AT ISSUE NOW IS THAT PLAINTIFF IS TRYING TO SUE
23   ON BEHALF OF NOT ONLY PURCHASERS OF HIS OWN COMPUTER MODEL,
24   BUT 26 OTHER COMPUTER MODELS.  AND PLAINTIFF HAS ALLEGED THOSE
25   27 COMPUTERS IN THE CURRENT -- THE CLASS DEFINITION WITHOUT
```

```
 1   SHOWING WHY THOSE ARE THE 27 COMPUTERS, WHY THEY ARE THE SAME
 2   AS HIS COMPUTER.  IN FACT, THE STATEMENTS ON MANY OF THOSE
 3   COMPUTERS ARE DIFFERENT.  AND PLAINTIFF DID NOT VIEW THE
 4   STATEMENTS WITH RESPECT TO ABOUT HALF OF THOSE COMPUTERS.
 5        SO, ON THE MERITS, WE DON'T THINK THAT'S THE RIGHT 27
 6   COMPUTERS IF HE'S EVEN ALLOWED TO SUE ON BEHALF OF PURCHASERS
 7   BEYOND HIS OWN COMPUTER SERIES.  BUT, IN ANY CASE, AS A
 8   PROCEDURAL MATTER, THAT'S THE SUBJECT OF A MOTION FOR LEAVE IF
 9   HE WANTS TO AMEND THE CLASS DEFINITION AND ASSERT CLAIMS ON
10   BEHALF OF ALL 27 COMPUTER SERIES.
11          THE COURT:  YOU DON'T THINK THAT THE CLASS DEFINITION
12   COULD HAVE BEEN CONSTRUED AS ENCOMPASSING MORE THAN JUST HIS
13   COMPUTER MODEL?
14          MR. EVANSON:  THE CLASS DEFINITION IS UNCLEAR, YOUR
15   HONOR.  IT TALKS ABOUT, YOU KNOW, THERE'S NO LANGUAGE.  IT
16   DOESN'T SPECIFY WHICH COMPUTER MODELS IT IS.  SO WE CAN'T TELL
17   FROM THE CLASS DEFINITION, AS IT WAS ORIGINALLY ASSERTED,
18   WHICH COMPUTER MODELS PLAINTIFF IS SUING ON BEHALF OF.  SO --
19          THE COURT:  YOU WANT THE COURT TO LIMIT IT TO THE
20   MODEL THAT HE PURCHASED EVEN THOUGH THE LANGUAGE CERTAINLY
21   DOESN'T LIMIT IT TO JUST THE MODEL THAT HE PURCHASED, THE
22   LANGUAGE OF THE CLASS CERTIFICATION DEFINITION.
23          MR. EVANSON:  WELL, WE'RE NOT MOVING TO LIMIT IT TO
24   PLAINTIFF'S COMPUTER.  WE ARE SAYING THAT IF PLAINTIFF WANTS
25   TO SUE ON BEHALF OF 27 -- THE PURCHASERS OF 27 COMPUTER
```

```
1    MODELS, HE NEEDS TO MOVE FOR LEAVE TO AMEND THE COMPLAINT TO
2    ASSERT THOSE.  AND HE CAN'T JUST PUT IT IN ALONG WITH OTHER
3    AMENDMENTS.
4         AND IF IT'S TRUE, AND WE DON'T THINK IT IS, BUT IF IT'S
5    TRUE THAT ALL 27 COMPUTERS HAVE THE SAME STATEMENT, THEN
6    PLAINTIFF SHOULD BE ABLE TO SUE ON BEHALF OF ALL OF THEM, THEN
7    THAT WOULD BE AN ARGUMENT TO MAKE IN A MOTION FOR LEAVE.
8         BUT, WE DON'T THINK THAT'S TRUE.  WE THINK ABOUT HALF OF
9    THOSE COMPUTERS SHOULDN'T BE IN THE CASE AT ALL.  SO WE WOULD
10   OPPOSE A MOTION FOR LEAVE.  IN EITHER CASE, WE THINK A MOTION
11   FOR LEAVE IS REQUIRED TO MAKE THE CHANGE IN THE CLASS
12   DEFINITION.
13            **THE COURT:**  WHAT IS YOUR RESPONSE?
14            **MS. WELLING:**  WE DID BRING THAT MOTION AND THE COURT
15   GRANTED IT.  THE MOTION WHERE THE COURT ADJUSTED THE END DATE
16   OF THE CLASS.  IN THAT VERY SAME BRIEFING, WE SAID, YOUR
17   HONOR, THIS IS THE CLASS.  IT IS THESE COMPUTER MODELS.  THIS
18   IS THE CALIFORNIA CLASS THAT WE WOULD LIKE TO AMEND.  AND WE
19   UNDERSTOOD THE COURT GRANTING US LEAVE TO ALLEGE THE
20   CALIFORNIA CLASS MEANT THE SPECIFIC MODELS THAT WE INCLUDED IN
21   OUR REQUEST.
22            **THE COURT:**  RIGHT.
23            **MS. WELLING:**  I TRULY DON'T UNDERSTAND THE CONFUSION
24   THAT'S GENERATED THE MOTION TO STRIKE HERE.
25            **THE COURT:**  WELL, THERE WAS A LACK OF CLARITY IN THE
```

```
 1   ORDER.  WE DIDN'T ADDRESS IT, THE ISSUE, HEAD ON WITH RESPECT
 2   TO THE MODELS.
 3        YOU'RE CORRECT IN YOUR CHARACTERIZATION OF WHAT I THINK MY
 4   INTENT WAS AT THE TIME.  AND I VIEW THE NAMING OF THE 27
 5   MODELS AS ACTUALLY LIMITING THE CLASS, NOT EXPANDING IT.  I
 6   NEVER CONSTRUED THE CLASS DEFINITION AS PERTAINING TO JUST THE
 7   PARTICULAR MODEL THAT THE PLAINTIFF PURCHASED.
 8        ALL RIGHT.  ANYTHING ELSE?  ALL RIGHT.  HERE IS THE
 9   RESOLUTION.
10        WITH REGARD TO THE MOTION TO AMEND, THE REQUEST IS DENIED
11   TO CHANGE THE START DATE.  I AM NOT PERSUADED THAT THERE WAS
12   ANY INFORMATION THAT WASN'T AVAILABLE TO PLAINTIFFS A YEAR AND
13   A HALF AGO.  AND TO REOPEN DISCOVERY EVEN FURTHER ON THIS
14   ADDITIONAL CLASS PERIOD I THINK IS UNWARRANTED AT THIS
15   JUNCTURE.  SO THE MOTION TO AMEND IS DENIED.
16        THE DEFENDANT'S MOTION TO STRIKE SIMILARLY IS DENIED.  I
17   DON'T THINK THE PLAINTIFF IS EXPANDING THE DEFINITION.  AND
18   EVEN THOUGH THERE WAS A LACK OF CLARITY LAST GO AROUND AS TO
19   THE PARTICULAR MODEL NUMBERS, BECAUSE IN MY VIEW THE PLAINTIFF
20   IS LIMITING IT RATHER THAN EXPANDING IT, I AM GOING TO PERMIT
21   IT.  SO THE MOTION TO STRIKE IS DENIED AS WELL.
22        BOTH MOTIONS DENIED.
23             MR. EVANSON:  OKAY.
24             THE COURT:  OKAY.
25             MR. EVANSON:  THANK YOU, YOUR HONOR.
```

1  **THE COURT:** YOU'RE WELCOME.  MERRY CHRISTMAS.

2  **MS. WELLING:** MERRY CHRISTMAS.

3  **MR. EVANSON:** MERRY CHRISTMAS.

4  (PROCEEDINGS CONCLUDED AT 9:40 A.M.)

7  **CERTIFICATE OF REPORTER**

8  I, DIANE E. SKILLMAN, OFFICIAL REPORTER FOR THE
UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY
CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE
RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

*Diane E. Skillman*

DIANE E. SKILLMAN, CSR 4909, RPR, FCRR

MONDAY, FEBRUARY 23, 2015

**DIANE E. SKILLMAN, OFFICIAL COURT REPORTER, USDC (510) 451-2930**