**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NAD KARIM, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>　　　　　　　　　　　Defendant. | Case No. CV 12-05240 PJH<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR CERTIFICATION OF CALIFORNIA CLASS** |

Now before this Court is Plaintiff Nad Karim's Motion for Certification of California Class. Jenelle Welling appeared for Plaintiff; Samuel Liversidge appeared for Defendant Hewlett-Packard Company ("HP"). Having read the papers and carefully considered the relevant legal authority, Plaintiff's Motion for Class Certification is granted.

**BACKGROUND**

The action arises out of HP's incorrect descriptions of wireless cards available for certain configure-to-order ("CTO") notebook computers sold through its website, the Home & Home Office Store ("HHO"). Plaintiff originally filed his action on behalf of himself and others similarly situation in Santa Clara Superior Court on August 22, 2012. HP removed the case to this Court alleging that this action meets the requisites of the Class Action Fairness Act of 2005.

Plaintiff alleges that HP described certain wireless card options for CTO notebook computers as dual-band when, in fact, HP equipped his and others' CTO notebook computers with

single-band wireless cards. Although Plaintiff's complaint articulates two causes of action, he seeks class certification for only one cause of action, HP's breach of warranty by description.

## DISCUSSION

**A.     Legal Standards**

   **1.     Class Certification**

Plaintiff must affirmatively demonstrate with facts providing prima facie support that the elements of Rule 23 are met. *Wal-mart Stores, Inc. v. Dukes*, __ U.S. __, 131 S. Ct. 2541, 2554 (2011) ("*Dukes*").  Rule 23(a) sets forth four requirements: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy. Fed. R. Civ. Proc. 23(a). In addition, Plaintiff here must demonstrate that Rule 23(b)(3) is satisfied. A class is maintainable under Rule 23(b)(3) where "questions of law or fact common to the members of the class predominate over any questions affecting only individual members," and where "a class action is superior to other available methods for fair and efficient adjudication of the controversy." Fed. R. Civ. Proc. 23(b)(3). While the Court must conduct a "rigorous analysis" (*Dukes*, 131 S. Ct. at 2551), merits questions may be considered only to the extent they are relevant to determining whether Rule 23 requirements are met (*Amgen Inc. v. Conn. Ret. Plans and Trust Funds*, __ U.S. __, 133 S. Ct. 1184, 1194-95 (2013)).

   **2.     Warranty By Description**

Section 2313(1), subsections (a) and (b), of the California Commercial Code govern Plaintiff's cause of action for breach of express warranty. It states:

> (1) Express warranties by the seller are created as follows:
>
> (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.
>
> (b) Any description of the goods which is made a part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

Cal. Com. Code § 2313(1)(b).[1] Hence, to prove a breach of express warranty by description, Plaintiff must prove that: (1) HP's statements constitute an "affirmation of fact or promise" or a "description of the goods;" (2) HP's statements were part of the basis of the bargain; and (3) the warranty was breached. *Weinstat v. Dentsply Intern. Inc*., 180 Cal. App. 4th 1213, 1227 (2010). Finally, in California, a buyer is required to provide a manufacturer with whom the buyer directly dealt with notice of an alleged breach of express warranty within a reasonable time of discovering the breach. § 2607(3)(a); *Alvarez v. Chevron Corp*., 656 F.3d 925, 932 (9th Cir. 2011).

When a seller makes a statement that is specific and unequivocal, that statement is an "affirmation of fact or promise" or a "description of the goods." *Brothers v. Hewlett-Packard Co*., No. C-06-02254, 2007 WL 485979, *6 (N.D. Cal. Feb. 12, 2007) ("misdescriptions of specific or absolute characteristics of a product are actionable" as express warranties by description); *Fundin v. Chicago Pneumatic Tool Co*., 152 Cal. App. 3d 951, 957 (1984) (product specifications in brochure create express warranty); *Keith v. Buchanan*, 173 Cal. App. 3d 13, 21-22 (1985) (statements in brochure asserting vessel is seaworthy were specific and unequivocal creating express warranty).

As to the second element, a seller's affirmations of fact automatically become a part of the basis for the bargain. As explained in the Official Comments:

> In actual practice affirmations of fact made by the seller about the goods during a bargain are regarded as part of the description of those goods; hence no particular reliance on such statements need be shown in order to weave them into the fabric of the agreement. Rather, any fact which is to take such affirmations, once made, out of the agreement requires clear affirmative proof.

§ 2313, foll. U.C.C. cmt. 3. Hence, it is not necessary for Plaintiff to prove that he or any other class member saw or relied on HP's statement in the course of the transaction for it to become a part of the basis for the bargain. *Weinstat*, 180 Cal. App. 4th at 1228-29. *See also Horvath v. LG Elec. Mobilecomm U.S.A., Inc*., No. 3:11-CV-01576, 2012 WL 2861160, *6 (S.D. Cal. Feb. 13, 2012) ("Despite Defendant's contention to the contrary, reliance is not required to

---

[1] All further references are to the Commercial Code unless noted.

state an express warranty cause of action under California law."); *Elias v. Hewlett-Packard Co.*, 903 F. Supp.2d 843, 849 (N.D. Cal. 2012) ("Proof of reliance on specific promises is not required" (citing *Weinstat*, 180 Cal. App. 4th at 1227)); *Brown v. Hain Celestial Group, Inc.*, __ F. Supp.2d __, No. C 11-03082, 2012 WL 66977670, *16 (N.D. Cal. Dec. 22, 2012) ("Proof of reliance on specific promises is not required.").

**B.     Plaintiff's Motion for Class Certification**

Plaintiff seeks to certify the following class:

> All persons who, between January 1, 2010 and April 11, 2011, customized and purchased from HP's website one of the following computers: Compaq Mini CQ10; Compaq Presario CQ61z; Compaq Presario CQ62z; HP Mini 110; HP Mini 210; HP Mini 210 HD; HP Mini 210 Vivienne Tam Edition; HP Pavilion dm1z; HP Pavilion dm3t; HP Pavilion dm3z; HP Pavilion dm4t; HP Pavilion dm4z; HP Pavilion dv4i; HP Pavilion dv4t; HP Pavilion dv5t; HP Pavilion dv6t; HP Pavilion dv6t Select Edition; HP Pavilion dv6z; HP Pavilion dv6z Select Edition; HP Pavilion dv7t; HP Pavilion dv7t Select Edition; HP G42t; HP G60t; HP G62t; HP G71t; HP G72t; or HP TouchSmart tm2t; and whose computer was shipped to a California address.

Excluded from the class are purchasers who returned their computers, purchasers whose computers were equipped with an 802.11a/b/g/n or an 802.11a/g/n compliant WLAN card, and purchasers of dv5t series computers who selected a wireless card requiring an additional payment.

**1.      Rule 23(a)(1) – Numerosity**

Rule 23(a)(1) requires the class to be so numerous that joinder of individual class members is impracticable. Fed. R. Civ. Proc. 23(a)(1). Plaintiff submitted evidence that HP sold tens of thousands of the computer models listed in the class definition. Numerosity is satisfied.

**2.      Rule 23(a)(2) – Commonality**

"Commonality requires that the plaintiff to demonstrate that the class members have suffered the same injury . . . [and] [t]heir claims must depend on a common contention . . . of such nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 131 S. Ct. at 2551 (internal quotations and citations omitted). Here, there are at least two

common contentions that, upon their determination, will resolve Plaintiff's and each putative class member's express warranty by description claims in one stroke.

The first is whether HP's description of the wireless cards created an express warranty. § 2313(1)(b) ("Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description."). The second is whether HP breached its express warranty by description. Adjudication of both of these questions resolves them for all putative class members in one stroke. HP either equipped Plaintiff's and putative class members' computers with dual-band capable wireless cards or it did not. Courts routinely certify express warranty claims for class treatment where the defendant's compliance with the warranty is at issue. *See, e.g., Wolin v. Jaguar Land Rover N. Am.*, LLC, 617 F.3d 1168, 1174 (9th Cir. 2010) (reversing district court's refusal to certify express warranty claims); *Keegan v. Am. Honda Motor Co.*, 284 F.R.D. 504 (C.D. Cal. 2012) (certifying express warranty claims); *In re Zurn Pex Plumbing Prods. Liab. Litig.*, 644 F.3d 604 (8th Cir. 2011) (upholding district court's certification of express warranty claims); *Daffin v. Ford Motor Co.*, 485 F.3d 549 (6th Cir. 2011) (upholding certification of express warranty claims). Here, whether HP tendered a conforming good can be proven by HP's own records. As evidenced by HP's interrogatory responses, HP has information concerning the content of the pertinent help-me-decide screens, the classification of the wireless cards as single or dual band, and records of which card was shipped to each purchaser.

### 3. Rule 23(a)(3) – Typicality

The typicality requirement is not particularly strict. The Court's inquiry is "whether other [class] members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Wolin*, 617 F.3d at 1175. Here, Plaintiff and all class members share the same injury—they were each deprived of the benefit of their bargain. HP promised the wireless cards and the computers in which they were equipped would have dual-band capabilities, but they do not. HP's promises were not unique to Plaintiff. Quite the opposite; they were made in a uniform, public manner on HP's website as a part of each class members' purchasing process.

### 4. Rule 23(a)(4) – Adequacy

To establish adequacy of representation, the issue is whether "the named plaintiffs and their counsel have any conflicts of interest with other class members" and whether "the named plaintiffs and their counsel will prosecute the action vigorously on behalf of the class." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). Here, nothing in the record reveals any conflicts between Plaintiff and class members. Plaintiff is engaged in the litigation, responding to HP's 47 document requests and 12 interrogatories, as well as participating in litigation decision-making and strategy. Declaration of N. Karim, ¶¶ 5-6. He meets the adequacy test. Plaintiff's counsel are similarly adequate, possessing the skills and commitment to prosecuting this action on behalf of the putative class. Declaration of J. Welling, Ex. 14.

### 5. Rule 23(b)(3) – Predominance & Superiority

In addition to meeting all four requirements of Rule 23(a), Plaintiff also must demonstrate that Rule 23(b)(3) is satisfied. Rule 23(b)(3) requires two separate inquiries: (1) do issues common to the class "predominate" over issues unique to individual class members, and (2) is the proposed class action "superior" to other methods available for adjudicating the controversy. Fed. R. Civ. Proc. 23(b)(3).

#### (a) Predominance

HP repeats many of its commonality arguments in opposing the predominance of the common issues, but the common issues clearly predominate here. Because reliance is not an element of Plaintiff's warranty claim, there is no need for Plaintiff to prove reliance on a classwide basis. HP argues that it is entitled to present its defenses, including the possible defense that any particular class member did not read the help-me-decide screen and/or knew the particular computer would contain a single band wireless card and purchased it anyway, rebutting the presumption that the dual-band promise became a part of the basis of the bargain. Because this defense would be individualized, HP argues, common issues would no longer predominate. The Court rejects HP's arguments because because "the possibility that a defendant may be able to defeat the showing of an element of a cause of action 'as to a few individual class members does

1   not transform the common question into a multitude of individual ones.'" *Weinstat*, 180

2   Cal.App.4th at 1235.

3       HP also argues that Plaintiff only purchased one of the computers included in the class and

4   that he viewed different language. The Court does not find either of these arguments persuasive.

5   The language in the two versions of the help-me-decide content is sufficiently similar such that

6   substantially the same proof will adjudicate the claims of all class members. As such, it is

7   appropriate to include all purchasers of the computer models proposed in the class because the

8   alleged affirmation of fact is the same. *Wolin*, 617 F.3d at 1174.

9       **(b)**     **Superiority**

10      Rule 23(b)(3) requires the Court to determine whether "a class action is superior to other

11  available methods for a fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

12  The four specific factors listed in the rule compel the conclusion that a class action is superior to

13  resolve the claims of Plaintiff and the putative class. The first factor is the interest of each member

14  in "individually controlling the prosecution or defense of separate actions." Fed. R. Civ. P.

15  23(b)(3)(A). Here, the interest of class members in individually controlling separate actions is

16  minimal: while the aggregate damages of the class are significant, the damages of each individual

17  class member will be relatively small. Given the expense of securing counsel and pursuing claims

18  separately, class members have little interest in maintaining individual actions. *Hanlon*, 150 F.3d at

19  1023 ("even if efficacious, these claims would not only unnecessarily burden the judiciary, but

20  would prove uneconomic for potential plaintiffs [since] [i]n most cases, litigation cost would dwarf

21  potential recovery [and] [i]n this sense, the proposed class action is paradigmatic."). Indeed, the

22  Supreme Court recognized that, absent class treatment, similarly situated consumers with relatively

23  small but nevertheless meritorious claims for damages would, as a practical matter, have no means

24  of redress because of the time, effort and expense required to prosecute individual actions.

25  *Amchem*, 521 U.S. at 617.

26      The second factor, "the extent and nature of any litigation concerning the controversy

27  already commenced" by class members also supports proceeding with this action. Plaintiff asserts

28  that no other similar actions are pending and HP does not contradict this showing.

The third factor is the desirability "of concentrating the litigation of the claims in the particular forum." Fed. R. Civ. P. 23(b)(3)(C). This forum is an appropriate forum for the resolution of Plaintiff's and the class' claims not only because HP is headquartered in this District, but also because in removing this action (Dkt. No. 1), HP specifically sought this forum. Moreover, every class member's transaction bears a relationship to this forum, making it an appropriate forum in which to concentrate the litigation.

The fourth and final factor is "the difficulties likely to be encountered in the management of a class action." Fed. R. Civ. P. 23(b)(3)(D). To date, the parties have encountered no difficulties in managing this case as a class action and this case can be tried and adjudicated as a class action. All of the evidence necessary to prove the breach of warranty by description claim is common to each member of the putative class. The judicial economies served by introducing HP's records as to the warranty statement made and the actual capabilities of the wireless cards once, in a class proceeding, far outweigh the repetitious introduction of the same evidence in tens of thousands of individual trials. *Wolin*, 617 F.3d at 1176 ("Forcing individual [consumers] to litigate their cases, particularly where common issues predominate for the proposed class, is an inferior method of adjudication.").

## CONCLUSION

Plaintiff's Motion for Class Certification is granted. The parties shall meet and confer on an appropriate notice plan and make a submission regarding same within 20 days.

IT IS SO ORDERED.

Dated _____         _____

                                                                                     Honorable Phyllis J. Hamilton