1  **BRAMSON, PLUTZIK, MAHLER & BIRKAEUSER, LLP**
Robert M. Bramson, SBN 102006
2  Jenelle Welling, SBN 209480
2125 Oak Grove Road, Suite 120
3  Walnut Creek, California 94598
Telephone: (925) 945-0200
4  Email: rbramson@bramsonplutzik.com

5  *Attorneys for Plaintiff and the Class*

6

7

8

9
                    **UNITED STATES DISTRICT COURT**
10                  **NORTHERN DISTRICT CALIFORNIA**

11  |                                                    | Case No.: 4:12-CV-05240-PJH |
12  | NAD KARIM, individually and on behalf of those similarly situated, | **NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND NOTICE PROGRAM** |
13  | Plaintiff, | |
14  | vs. | |
15  | HEWLETT-PACKARD COMPANY, | |
16  | Defendant. | |
17

    Date:    January 11, 2017
18  Time:    9:00 a.m.
    Judge:   Phyllis J. Hamilton
19  Place:   Courtroom 3, 3rd Floor
             1301 Clay Street
20           Oakland, CA  94612

21

22

23

24

25

26

27

28

**TO DEFENDANT AND ITS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on January 11, 2017, at 9:00 a.m. in Courtroom 3, 3rd Floor, of this honorable court located at 1301 Clay Street, Oakland, CA, before the Honorable Phyllis J. Hamilton, Plaintiff, on behalf of himself and the certified Class, will move this Court for an order (1) preliminarily approving the proposed settlement; (2) approving the proposed notice and authorizing its dissemination to the Class; and (3) setting a schedule for the final approval process including Class Counsel's motion for approval of attorneys' fees and expenses.

Plaintiff brings this Motion pursuant to Federal Rule of Civil Procedure 23(e) as set forth in the accompanying brief. This motion is based on this Notice of Motion, the following Memorandum of Points & Authorities; the Stipulation of Settlement, and Exhibits thereto; the accompanying Declaration of Jenelle Welling; [Proposed] Order; the records and file in this action, and on such other matters as may be presented before or at the hearing of the motion.

# Table of Contents

**Page**

I.  INTRODUCTION.................................................................................................1

II.  PROCEDURAL BACKGROUND .....................................................................2

II.  STATEMENT OF ISSUES TO BE DECIDED.................................................2

III.  INFORMATION ABOUT THE SETTLMENT CLASS.....................................2

IV.  THE TERMS OF THE SETTLEMENT AGREEMENT ...................................3

    A.  The Notice Plan ........................................................................................3

    B.  Settlement Benefits ...................................................................................5

    C.  Attorneys' Fees and Expenses ..................................................................5

    D.  Class Representative Incentive Payment...................................................5

    E.  Release of Claims ......................................................................................6

    F.  Joint Request to Vacate Class Certification Order ....................................6

V.  ARGUMENT .....................................................................................................7

    A.  The Court Should Grant Preliminary Approval ........................................7

        1.  The Standard for Preliminary Approval. ........................................7

        2.  The Proposed Settlement Is Fair and Within the Range of Possible Approval. ....8

    B.  The Court Should Provisionally Certify a Settlement Class Pursuant to Federal Rule of Civil Procedure § 23(b)(3) ................................................10

    C.  The Court Should Approve the Proposed Settlement Notice and Authorize its Dissemination. .........................................................................................10

    D.  The Court Should Schedule a Fairness Hearing and Enter the Proposed Preliminary Approval Order. ....................................................................12

VI.  CONCLUSION ................................................................................................12

# Table of Authorities

**Cases** **Page(s)**

*Austin v. Pa. Dep't of Corrections,*
   876 F. Supp. 1437 (E.D. Pa. 1995) ............................................................... 8

*Carnegie v. Household Int'l, Inc.,*
   376 F.3d 656 (7th Cir. 2004) ....................................................................... 9

*De la O v. Arnold Williams,*
   2008 WL 4192033 (E.D. Wash. Aug. 27, 2008) ........................................ 6

*Duhaime v. John Hancock Mut. Life. Ins. Co.,*
   177 F.R.D. 54 (D. Mass. 1997) .................................................................. 8

*Gemini Ins. Co. v. N. Am. Capacity Ins. Co.,*
   2015 WL 3891423 (D. Nev. June 18, 2015) ............................................. 6

*In re NASDAQ Market-Makers Antitrust Litig,*
   176 F.R.D. 99 (S.D.N.Y. 1997) .................................................................. 7

*In re Orthopedic Bone Screw Prods. Liab. Litig.,*
   176 F.R.D. 158 (E.D. Pa. 1997) ................................................................. 8

*In re Syncor ERISA Litig,*
   516 F.3d 1095 (9th Cir. 2008) .................................................................... 7

*In re Vitamins Antitrust Litig*
   Nos. Misc. 99-197 MDL 1285, 2001 WL 856292 (D.D.C., Jul. 25, 2001)..... 7

*Jaynes Corp. v. Amer. Safety Ins.,*
   2014 WL 11115424 D. Nev. Dec. 2, 2012) ............................................... 6

*Mullane v. Central Hanover Bank & Trust Co.,*
   339 U.S. 306 (1950) ................................................................................. 10

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.,*
   221 F.R.D. 523 (C.D. Cal. 2004) ............................................................... 7

*Officers for Justice v. Civil Serv. Comm'n,*
   688 F.2d. 615 (9th Cir. 1982) .................................................................... 7

*U.S. Gypsum Co. v. Pac. Award Metals, Inc.,*
   2006 WL 1825705 (N.D. Cal. July 3, 2006) .............................................. 6

*Young v. Polo Retail, LLC,*
   No. C-02-4546 VRW, 2006 WL 3050861 (N.D. Cal. 2006) ..................... 7

**Statutes and Rules**

Cal. Civ. Code § 1750 ................................................................................... 1

Federal Rule of Civil Procedure 23(e) .......................................................... 7

**Other Authorities**

*Manual for Complex Litigation,* Fourth, § 21.61 (2004) .................................................................. 7

WILLIAM B. RUBENSTEIN, ET AL., NEWBERG ON CLASS ACTION, §11.25
   (4th ed. 2002 & 2010 Updates) ..................................................................................... 7

## MEMORANDUM OF POINTS AND AUTHORITIES
## I.      INTRODUCTION

Plaintiff Nad Karim filed this action on August 22, 2012 in the Superior Court of the State of California. Defendant HP Inc. (f/k/a Hewlett-Packard Co.) ("HP") removed the action to this Court on October 10, 2012. Since that time, Plaintiff and his counsel have pursued this case on behalf of consumers who purchased directly from HP certain notebook computers. Plaintiff alleges that HP promised on its website that the computers would be equipped with a dual-band wireless card, but HP provided computers containing a single-band wireless card. Plaintiff alleges that dual-band wireless cards offer specific advantages over single-band wireless cards and command a price premium as a result. Plaintiff alleges that, relying upon HP's promise of dual-band connectivity, he paid HP $899.99 for a dv7t Select Edition series notebook computer. He alleges that his computer could not connect to his dual-band router, however. Upon troubleshooting the problem with HP's technical support personnel, Plaintiff alleges that he learned not only that HP had equipped his computer with a single-band wireless card, but also had enabled only single-band wireless cards in the BIOS whitelist of his computer. Consequently, Plaintiff alleges that he cannot simply install a dual-band wireless card to obtain the promised functionality. Plaintiff formally notified HP that he contends—on behalf of himself and all others similarly situated—that HP's notebook computers did not live up to its promise and requested relief. HP declined to provide relief and this class action alleging breach of express warranty by description and violations of the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq*., followed.

After conducting discovery and engaging in pre-trial motions practice, the parties have reached what they believe to be a fair, reasonable, and adequate compromise of this litigation. Therefore, pursuant to Federal Rule of Civil Procedure 23(e), the parties seek an order from this Court (i) preliminarily approving the proposed settlement; (ii) approving the proposed notice and authorizing its dissemination to class members; and (iii) setting dates and procedures for the final approval and fairness hearing, including deadlines for class members to file objections to the proposed settlement or request exclusion.  The complete Stipulation of Settlement is Exhibit

1   1 to the Declaration of Jenelle Welling in support of Plaintiff's Unopposed Motion for
2   Preliminary Approval ("Welling Decl.").

3                              II.      PROCEDURAL BACKGROUND

4           After removing the action to this Court, HP moved to dismiss Plaintiff's claims. (Dkt.
5   No. 12.) On January 9, 2013, the Court denied HP's motion (Dkt. No. 19), putting the matter at
6   issue. The parties propounded and responded to written discovery, and took depositions in
7   preparation of their respective legal and factual contentions.  On August 16, 2013, Plaintiff
8   moved to certify his breach of express warranty by description claim for class treatment on
9   behalf of a nationwide class. On February 10, 2014, the Court denied Plaintiff's motion, but
10  later, over HP's objections, permitted him to amend his complaint and to seek certification of
11  his warranty claim on behalf of a California-only class. On December 18, 2015, the Court
12  granted Plaintiff's motion to certify a California-only class of notebook computer purchasers to
13  pursue the breach of warranty claim. (Dkt. No. 139.) Shortly thereafter, pursuant to Rule 23(f),
14  HP petitioned the Ninth Circuit for review of the Court's December 18, 2015 order. (Welling
15  Decl., ¶ 9.) On April 6, 2016, the Ninth Circuit granted HP's Rule 23(f) petition. (*Id.*, ¶ 11.)
16  This action was then referred to a Ninth Circuit mediator, who stayed HP's interlocutory appeal
17  pending resolution of the current efforts to resolve the case via settlement.  (*Id.*)

18          The Stipulation of Settlement was reached as a result of extensive arm's length
19  negotiations between counsel for Plaintiff, on the one hand, and counsel for HP, on the other
20  hand, occurring over several years, including discussions prior to the original filing in August of
21  2012, a Court-ordered settlement conference before the Honorable Nathanael M. Cousins, and
22  participation in the Ninth Circuit's mediation program. (*Id.*, ¶¶ 3-10.)

23                         II.     STATEMENT OF ISSUES TO BE DECIDED

24
25          Should the Court preliminarily approve the Settlement as fair, adequate and reasonable;
26  approve notice to the Settlement Class; and approve a schedule for final approval.

27                       III.    INFORMATION ABOUT THE SETTLMENT CLASS

28          On December 18, 2015, the Court certified a class of all persons who, between January

---

1, 2010 and April 11, 2011, customized and purchased from HP's website, one of the following computers: Compaq Mini CQ10; Compaq Presario CQ61z; Compaq Presario CQ62z; HP Mini 110; HP Mini 210; HP Mini 210 HD; HP Mini 210 Vivienne Tam Edition; HP Pavilion dm1z; HP Pavilion dm3t; HP Pavilion dm3z; HP Pavilion dm4t; HP Pavilion dm4z; HP Pavilion dv4i; HP Pavilion dv4t; HP Pavilion dv5t; HP Pavilion dv6t; HP Pavilion dv6t Select Edition; HP Pavilion dv6z; HP Pavilion dv6z Select Edition; HP Pavilion dv7t; HP Pavilion dv7t Select Edition; HP G42t; HP G60t; HP G62t; HP G71t; HP G72t; or HP TouchSmart tm2t; and whose computer was shipped to a California address. (Dkt. No. 139 at 2:18-24.) The Stipulation of Settlement defines the "Settlement Class" in an identical manner. (Welling Decl., Ex. 1, ¶¶ 16, 22.)

Based upon information exchanged as part of the discovery process in this Action, the parties agree that there were 23,460 subject computers purchased by individuals in the Settlement Class. (*Id.*)

## IV.    THE TERMS OF THE SETTLEMENT AGREEMENT

As the result of the extensive arm's-length negotiations described above, the parties have agreed to settle the litigation on the terms set forth in the Stipulation of Settlement. (Welling Decl., Ex 1.) The Stipulation of Settlement contains five core components: A. The Notice Plan; B. Monetary benefit to the Settlement Class; C. Payment of attorneys' fees and costs upon Court-approval of same; D. An incentive award to Plaintiff; and E. A Release of Claims.

### A.    The Notice Plan

Pursuant to the Stipulation of Settlement, the parties propose Kurtzman Carson Consultants, LLC ("KCC") to be appointed as Settlement Administrator. (Welling Decl., Ex. 1, ¶ 21.)   KCC is a nationally recognized class action notice and administration firm that has designed a class notice plan for this case, which the parties and KCC believe is an effective plan. (Declaration of Patrick Passarella ("Passarella Decl."), ¶¶ 4-5.) Subject to Court approval of the Settlement, HP will provide KCC with identifying information regarding the Settlement Class. (Welling Decl., Ex. 1, ¶¶ 25(e)(i), 43.) In a manner designed to avoid being treated as

spam and most likely to reach recipients, KCC will email the Summary Notice (which is Exhibit D to the Stipulation of Settlement) to each class member. (*Id.*, ¶ 25(e)(i).) Should an email notice be returned as undeliverable, HP will provide KCC with the U.S. postal address that the intended recipient provided during his or her purchase of the computer, and KCC will send via First Class U.S. mail a postcard Summary Notice to the address provided. (*Id.*) Any Summary Notices returned by the postal service with a forwarding address will be re-mailed by KCC to the new address provided by the postal service. (*Id.*)

The Summary Notice will direct recipients to a website to be designed and administered by KCC that will provide information concerning the Settlement, including a copy of the Long Form Notice (which is Exhibit C to the Stipulation of Settlement), a claim form (which is Exhibit E to the Stipulation of Settlement), a list of important dates, settlement documentation, and other information. (*Id.*, ¶ 25(e)(ii).)  Notice of the Settlement will begin not later than 20 days from the date of the Court's Preliminary Approval Order.  (*Id.*, ¶¶ 43-44.)

The Long Form Notice and settlement website will inform class members of the nature of the action, the litigation background, the terms of the agreement (including the definition of the Settlement Class), the relief provided by the Stipulation of Settlement, instructions on how to access the case docket via PACER or in person at any of the court's locations, Class Counsel's request for fees and expenses, and the scope of the release and binding nature of the Settlement on Class Members. They also will describe the procedure for objecting to the Settlement; advise Class Members that they have the right to opt out of the Settlement and describe the consequences of opting out; and state the date and time of the final fairness hearing, advising that the date may change and how to check the website or PACER.  (Passarella Decl., ¶ 12.)

The cost of administration shall be paid by HP. (*Id.*, ¶ 2; Welling Decl., Ex. 1, ¶ 48.) Such payment shall be in addition to and not affect the amount of Class Settlement consideration available to class members.

**B.     Settlement Benefits**

The Settlement Class has the opportunity to submit a claim form to collect $25 for each computer he or she purchased. (Welling Decl., Ex. 1, ¶ 28.) Plaintiff and his counsel believe that this consideration is fair and reasonable compensation. (*Id*., ¶¶ 12-13.) Documents exchanged in discovery indicate that HP permitted customers to upgrade the standard single-band wireless card to a dual-band wireless card for an additional $25.[1] (*See, e.g.*, Welling Decl., Ex. 2 (website screen shot reflecting upgrade opportunity)).

**C.     Attorneys' Fees and Expenses**

HP has agreed that Class Counsel is entitled to seek an award of reasonable attorneys' fees and expenses for prosecuting this action and will not object to Class Counsel's petition for fees and expenses not to exceed $210,032.00 inclusive of expenses. (Welling Decl., Ex. 1, ¶ 32.)  Notably, the parties did not negotiate this agreement or any other issue with respect to attorneys' fees or expenses until the parties had reached an agreement on class relief. (*Id*.; Welling Decl., ¶ 15.)  In addition, the award of fees and expenses does not reduce or otherwise affect the amount of compensation available to Class Members. (Welling Decl., ¶ 15.) Class Counsel's lodestar exceeds the attorneys' fee request, and it will be presented to the court in their motion for attorneys' fees and expenses. (*Id*.)

**D.     Class Representative Incentive Payment**

The Stipulation of Settlement allows Class Counsel to request and for HP to pay an incentive payment of $1,000.00 to Plaintiff/Class representative Nad Karim. (Welling Decl., Ex. 1, ¶ 34.) Plaintiff's agreement to the Settlement is not conditioned in any manner on the award of an incentive payment or its amount. (Welling Decl., ¶ 16.)  Plaintiff has given his time and accepted his responsibilities admirably, participating actively in this litigation as required and in a manner beneficial to the Class generally. (*Id.*)

---

[1]  The price could be higher for a dual-band wireless card that also had Bluetooth technology. (*See, e.g.*, Welling Decl., Ex. 2.)  Bluetooth technology is not at issue in this case.

1

2

### E.    Release of Claims

3

    Pursuant to the Stipulation of Settlement, each member of the class will be deemed to

4

have released any and all claims, demands, rights, liabilities and causes of action of every nature

5

and description whatsoever, known or unknown, suspected or unsuspected, asserted or that

6

might have been asserted, by the Plaintiff or any Settlement Class Member, against HP arising

7

out of or related to the facts giving rise to the subject matter of the Complaint in this case.

8

(Welling Decl., Ex. 1, ¶¶ 37-39.)

9

### F.    Joint Request to Vacate Class Certification Order

10

    The Stipulation of Settlement contains a provision reflecting the parties' agreement to

11

request that the Court vacate its December 18, 2015 class certification order. (*Id.*, ¶¶ 30, 67.) The

12

Ninth Circuit granted HP's Rule 23(f) petition with respect to the class certification order,

13

indicating that there is a meaningful likelihood that the class-certification order could be reversed

14

on appeal. (Welling Decl., ¶¶ 9-10.) Courts always are free to vacate or modify orders prior to

15

final judgment. Accordingly, courts routinely grant stipulations to vacate or revise orders as part

16

of the settlement approval process prior to final judgment.  *See, e.g.*, *U.S. Gypsum Co. v. Pac.*

17

*Award Metals, Inc.*, 2006 WL 1825705, at *1 (N.D. Cal. July 3, 2006) (granting request to vacate

18

claims construction and summary judgment orders under Rule 54(b) and noting that the parties'

19

agreement to vacate "was a significant factor in successfully resolving [the] litigation"); *De la O*

20

*v. Arnold Williams*, 2008 WL 4192033, at *1 (E.D. Wash. Aug. 27, 2008) (granting Rule 54(b)

21

motion for vacatur and vacating orders finding statutes and regulations to be unconstitutional as

22

part of class action settlement); *Gemini Ins. Co. v. N. Am. Capacity Ins. Co.*, 2015 WL 3891423,

23

at *2–3 (D. Nev. June 18, 2015) (granting joint request to vacate summary judgment and motion

24

for reconsideration orders under Rule 54(b) where settlement was made contingent on vacatur of

25

the orders); *Jaynes Corp. v. Amer. Safety Ins.*, 2014 WL 11115424, at *3 (D. Nev. Dec. 2, 2012)

26

(granting joint motion to vacate summary judgment order under Rule 54(b) in accordance with

27

the parties' conditional settlement agreement).

28

# V.  ARGUMENT

### A.  The Court Should Grant Preliminary Approval

### 1.  The Standard for Preliminary Approval.

Federal Rule of Civil Procedure 23(e) provides that a class action cannot be settled or compromised without approval by the court. Fed. R. Civ. P. 23(e). Judicial approval is required regardless of whether the action is certified for trial and later settled or is certified for purposes of settlement. *Manual for Complex Litigation,* Fourth, § 21.61 (2004). The approval process typically involves two steps.  First, the settlement is approved preliminarily following the submission by the parties of relevant information concerning the terms of the settlement and the history of the litigation. Second, after notice of the proposed settlement is given to the class, the Court conducts a final approval hearing, also known as a fairness hearing. *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.,* 221 F.R.D. 523 (C.D. Cal. 2004).  Ultimately, to approve the proposed settlement, the Court must determine that it is fair, reasonable and adequate. *Officers for Justice v. Civil Serv. Comm'n,* 688 F.2d. 615, 625 (9th Cir. 1982).

At the preliminary approval stage, the Court's estimation of whether a settlement is fair, reasonable, and adequate is limited. "Where the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval, preliminary approval is granted." *In re NASDAQ Market-Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997); *see also In re Syncor ERISA Litig.,* 516 F.3d 1095, 1110 (9th Cir. 2008); *Young v. Polo Retail, LLC,* No. C-02-4546 VRW, 2006 WL 3050861, at * 5 (N.D. Cal. 2006); *In re Vitamins Antitrust Litig.,* Nos. Misc. 99-197 (TFH), MDL 1285, 2001 WL 856292, at * 4-*5 (D.D.C., 2001); Rubenstein, *et al*., NEWBERG ON CLASS ACTIONS, §11.25 (4th ed. 2002 & 2010 Updates).  Additionally, the Court's analysis should begin with the presumption that the settlement is fair.

A presumption of fairness exists where the settlement is reached through arm's-length negotiations, sufficient investigation has taken place to allow counsel and the Court to act

intelligently, and counsel is experienced in similar types of litigation. *Duhaime v. John Hancock Mut. Life. Ins. Co.*, 177 F.R.D. 54, 68 (D. Mass. 1997) (settlement is presumed fair where it is the product of arm's-length negotiations); *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 176 F.R.D. 158, 184 (E.D. Pa. 1997) (quoting *Austin v. Pa. Dep't of Corrections.*, 876 F. Supp. 1437, 1472 (E.D. Pa. 1995) ("Significant weight should be attributed 'to the belief of experienced counsel that the settlement is in the best interest of the class'")). Thus, at this stage, so long as the settlement falls into the range of possible approval—giving deference to the result of the parties' arms'-length negotiations and the judgment of experienced counsel following sufficient investigation—the settlement should be preliminarily approved and a final fairness hearing scheduled.

## 2. The Proposed Settlement Is Fair and Within the Range of Possible Approval.

The proposed Stipulation of Settlement here is fair, reasonable and adequate, and clearly falls within the range of possible approval.

### a. The Settlement Is the Result of Serious, Arm's-Length, Informed Negotiations.

One indication of whether a settlement is fair and reasonable is whether it is the product of serious, arm's-length negotiations following serious investigation of the merits of the case. Such negotiation and investigation minimize any concerns that the proposed settlement might be the result of collusion among opposing parties or their counsel to undermine the interests of the class for their own benefit.

Here, there is little question that the Stipulation of Settlement was the product of serious, arm's-length negotiations following thorough investigation of the merits. Class Counsel undertook significant factual and legal investigation of the issues prior to filing the case, as well as during the hard-fought litigation, securing certification of a California Class. The parties engaged in extensive discovery about both the facts and law at issue. Finally, the parties participated in two formal, arm's length and adversarial mediations.

The Settlement emerges from a formal, arms-length negotiation process between the Parties. Class Counsel are confident, based on their extensive experience as class action litigators and with other similar class actions, that they have a full understanding of the facts at issue, and the strengths and weaknesses of the legal allegations in the complaint.

### b.     The Terms of the Settlement Are Fair and Reasonable.

There can be little doubt that the proposed settlement is "within the range of possible approval."   The Settlement provides a mechanism for providing class members the full difference in value at the time of purchase between a computer equipped with a single-band wireless card and one equipped with a dual-band wireless card. This is a fair and reasonable resolution to this litigation because it arguably compensates class members at 100% of what their damages could have been if successful at trial.

Of particular relevance to the reasonableness of the relief obtained under the proposed settlement is that HP has contested and would continue to contest vigorously the merits of class members' claims as well as the named Plaintiff's ability to obtain class relief—even on a far smaller scale of the California-only class.  HP denies all of Plaintiff's allegations and denies that engaged in any wrongful conduct.  (Welling Decl., Ex. 1, at p. 2.) In addition, HP would continue to contest vigorously the propriety of the class certification order. While neither party can portend to predict accurately the outcome of appellate proceedings, the class faces the risk of decertification by the Ninth Circuit, which, as a practical matter, would result in class members receiving $0.00. *Cf. Carnegie v. Household Int'l, Inc*., 376 F.3d 656, 661 (7th Cir. 2004) ("The *realistic* alternative to a class action is not 17 million individual suits, but zero individual suits, as only a lunatic or a fanatic sues for $30." (emphasis original)). Indeed, that the Ninth Circuit granted HP's Rule 23(f) petition indicates there is a meaningful likelihood that the class-certification order could be reversed on appeal if this settlement were not approved.

Numerous legal issues would necessarily be subject to somewhat novel and extensive litigation, and appeal. There is, in short, certainly no guarantee that Plaintiff and the class would ultimately prevail on these legal and factual issues.  Thus, as in any case, the risk of losing must

be considered in evaluating the adequacy of a proposed settlement.

Indeed, throughout the course of settlement negotiations, the parties considered factors such as the past and ongoing cost of the contentious litigation, the scope of relief that was being sought and that might be provided, the cost and benefit of such relief, the potential damages at issue, the risks to each party of trying the matter, and the possibility of appeals of any judgment in the trial court—adding to the expense, delay and uncertainty of litigation.  The parties believe that the settlement is fair, reasonable, and adequate given the uncertainties of continued litigation and the value of the consideration offered to the Settlement Class.  There can really be no doubt that this proposed Settlement falls well within the range of possible approval.

**B.    The Court Should Provisionally Certify a Settlement Class Pursuant to Federal Rule of Civil Procedure § 23(b)(3)**

Because the parties agreed to request that the Court vacate the December 18, 2015 class certification order, the Stipulation of Settlement and the proposed Preliminary Approval Order (which is Exhibit B to the Stipulation of Settlement) contain provisions for a new order granting provisional certification of the Settlement Class for settlement purposes. (Welling Decl., Ex. 1, ¶¶ 67-69.) Given the Court's previous certification of the identical class, the parties agree that the Settlement Class may be certified under Rule 23(b)(3).  The proposed Notices and website will inform class members that they can exclude themselves from the Settlement, as required by Rule 23(c)(2)(B)(v) and 23(e)(4).  Plaintiff also requests that the Court (re)appoint Nad Karim as the Class Representative, and (re)appoint Bramson, Plutzik, Mahler & Birkhaeuser, LLP, as Class Counsel.

**C.    The Court Should Approve the Proposed Settlement Notice and Authorize its Dissemination.**

In any proceeding that is to be accorded finality, due process requires that interested parties be provided with notice reasonably calculated, under the circumstances, to apprise them of the pendency of the action and afford them an opportunity to present their objections. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).  That means the settlement notice(s) must fairly apprise the class members of the terms of the proposed

compromise and give class members sufficient information to decide whether they should accept the benefits offered, opt out and pursue their own remedies, or object to the settlement. *Id*. Additionally, the notice must be designed so as to have a reasonable chance of reaching a substantial percentage of the class members.  *Id.* at 318 (explaining notice must be reasonably calculated to reach interested parties).

Here, the proposed Notice(s) and the method(s) of dissemination meet each of these requirements. Based on contact information provided by HP, the Settlement Administrator will provide class members via email a summary notice which also contains a link to the settlement website where they can submit a claim, opt out, and find additional information regarding the Settlement.  (Passarella Decl. ¶¶ 9-14.)  On the dedicated Settlement website, Class Members can review the detailed Long Form Notice, which provides clear and concise information with respect to all the relevant aspects of the litigation, including  (a) the class definition and statement of claims; (b) the litigation history; (c) the terms of the Settlement Agreement; (d) the binding effect of any judgment approving the Settlement on those who do not opt out; (e) the right to (and procedure for) opting out or back into the Settlement Class; (f) the right to (and procedure for) objecting to the Settlement; (g) who to contact to obtain additional information regarding the Settlement or the litigation; (h) the manner in which compensation will be provided to the Class Representative to compensate him for his service to the Class; (g) the manner in which Class Counsel will be compensated; and (h) additional information as required and/or suggested by the Court's Procedural Guidance For Class Action Settlements.  Thus, the Notice provides all the information necessary for class members to make informed decisions with respect to whether they should remain in the Settlement Class, opt-out, or object to the proposed Settlement.  (*Id.*)  The Notice plan has been developed by a provider with significant experience in designing notice plans in large and national class actions similar to this one.  (*Id.*, ¶¶ 4-6, 10, 14.)

Accordingly, the content and method of dissemination of the proposed Notice fully comports with the requirements of due process and applicable case law.  The Court should approve the proposed Notice and direct that it be distributed as agreed by the parties.

**D.     The Court Should Schedule a Fairness Hearing and Enter the   Proposed Preliminary Approval Order.**

Once the Court has ruled on the motion for preliminary approval, the deadlines for providing notice, opting out of the Settlement Class, and submitting claims will begin to run. Assuming the Court grants this motion for preliminary approval, the parties propose the following deadlines:

| | Event | Timing |
|---|---|---|
| 1. | Class notice procedures begin | **Not later than 20 days after Preliminary Approval Order Signed** |
| 2. | Class Counsel to file petition for award of attorneys' fees and reimbursement of expenses | **At least 21 days prior to the Fairness Hearing** |
| 3. | Requests for Exclusion | **At least 30 days prior to the Fairness Hearing** |
| 4. | Patrick Passarella to file declaration that approved notice plan was carried out | **At least 14 days before the Fairness Hearing** |
| 5. | Reply (if any) in Support of an award of attorneys' fees and reimbursement of expenses | **At least 7 days before the Fairness Hearing** |
| 6. | Submissions in Support of Final Approval | **At least 14 days before the Fairness Hearing** |
| 7. | Fairness Hearing | **To be set by Court** |

## VI.     CONCLUSION

For the foregoing reasons, Plaintiff and Class Counsel respectfully request that the Court grant this motion for preliminary approval; approve the content and authorize the dissemination of the proposed settlement Notice; schedule a fairness hearing; and adopt the proposed schedule of events and deadlines.

Dated:  December 6, 2016                      */s/ Jenelle Welling*
_____

                              BRAMSON, PLUTZIK, MAHLER &
                              BIRKHAEUSER, LLP
                              2125 Oak Grove Road, Suite 120
                              Walnut Creek, CA 94598