**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NAD KARIM, on behalf of himself and all others similarly situated,<br><br>                                     Plaintiff,<br><br>     v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>                                     Defendant. | Case No. CV 12-05240  PJH<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND NOTICE PROCEDURES** |

Upon review and consideration of the Amended Stipulation of Settlement ("Stipulation of Settlement"), and the attachments thereto, which have been filed with the Court, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

The Court has carefully reviewed the Stipulation of Settlement, as well as the files, records, and proceedings to date in the Action.  The definitions in the Stipulation of Settlement are hereby incorporated as though fully set forth in this Order, and capitalized terms shall have the meanings attributed to them in the Stipulation of Settlement.

The parties have agreed to settle the Action upon the terms and conditions set forth in the Stipulation of Settlement, which has been filed with the Court.  The Stipulation of Settlement, including all exhibits thereto, is preliminarily approved as fair, reasonable, and adequate.  Plaintiff in the Action, by and through his counsel, has investigated the facts and law relating to the matters

alleged in their complaint, including extensive pretrial discovery, pretrial motions practice, legal research as to the sufficiency of the claims, and an evaluation of the risks associated with continued litigation, trial, and/or appeal.  The settlement was reached as a result of extensive arm's length negotiations between counsel for Plaintiff, on the one hand, and counsel for HP Inc. (f/k/a Hewlett-Packard Co.) ("HP"), on the other hand, occurring over a period of years and multiple mediation sessions.  The settlement confers substantial benefits upon the Settlement Class, particularly in light of the damages that Plaintiff and Class Counsel believe are potentially recoverable or provable at trial, without the costs, uncertainties, delays, and other risks associated with continued litigation, trial, and/or appeal.

~~The Court grants the parties' request to vacate the December 18, 2015 class certification order~~. The Court ~~instead~~ conditionally certifies, for settlement purposes only, a class of all persons who, between January 1, 2010 and April 11, 2011, customized and purchased from HP's website one of the Qualifying Computers and whose computer was shipped to a California address.

Qualifying Computers are: Compaq Mini CQ10; Compaq Presario CQ61z; Compaq Presario CQ62z; HP Mini 110; HP Mini 210; HP Mini 210 HD; HP Mini 210 Vivienne Tam Edition; HP Pavilion dm1z; HP Pavilion dm3t; HP Pavilion dm3z; HP Pavilion dm4t; HP Pavilion dm4z; HP Pavilion dv4i; HP Pavilion dv4t; HP Pavilion dv5t; HP Pavilion dv6t; HP Pavilion dv6t Select Edition; HP Pavilion dv6z; HP Pavilion dv6z Select Edition; HP Pavilion dv7t; HP Pavilion dv7t Select Edition; HP G42t; HP G60t; HP G62t; HP G71t; HP G72t; or HP TouchSmart tm2t.

Excluded from the class are (i) purchasers who returned their Qualifying Computers, (ii) purchasers whose computers shipped equipped with a dual-band wireless card, and (iii) purchasers for which the "Help Me Decide" language on www.shopping.hp.com associated with the networking component in the computer they received contained no language that plaintiff contends represented "dual band" connectivity at the time of purchase.  There were 23,460 Qualifying Computers purchased by individuals in the Settlement Class that are not subject to exclusion pursuant to information exchanged between the parties as part of the discovery process in this Action.

1    The Court conditionally finds, for settlement purposes only and conditioned upon the entry of this Order and the Final Order and Judgment, and the occurrence of the Effective Date, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:  (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiff are typical of the claims of the Settlement Class he seeks to represent for purposes of settlement; (d) the Plaintiff has fairly and adequately represented the interests of the Settlement Class and will continue to do so, and the Plaintiff has retained experienced counsel to represent them; (e) for purposes of settlement, the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) for purposes of settlement, a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.  The Court also concludes that, because this Action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a ~~nationwide~~ class action involving the issues in this case.  *See Amchem Prods.*, *Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

The Court appoints Bramson, Plutzik, Mahler & Birkhaeuser, LLP as counsel for the Class ("Class Counsel").  For purposes of these settlement approval proceedings, the Court finds that Class Counsel are competent and capable of exercising their responsibilities as Class Counsel.  The Court designates named Plaintiff Nad Karim as the representative of the Settlement Class.

The Fairness Hearing shall be held before this Court on May 10, 2017, at 9:00 a.m., to determine whether the Stipulation of Settlement is fair, reasonable, and adequate and should receive final approval.  The Court will rule on Class Counsel's application for an award of attorneys' fees, costs, and expenses (the "Fee Application") at that time.  Papers in support of final approval of the Stipulation of Settlement and the Fee Application shall be filed with the Court according to the schedule set forth below.  The Fairness Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class.  After the Fairness Hearing, the Court may enter a Final Order and Judgment in accordance with the Stipulation of

1  Settlement that will adjudicate the rights of the Settlement Class Members (as defined in the

2  Stipulation of Settlement) with respect to the claims being settled.

3    Pending the Fairness Hearing, all proceedings in the Action, other than proceedings

4  necessary to carry out or enforce the terms and conditions of the Stipulation of Settlement and this

5  Order, are stayed.

6    The Court approves, as to form and content, the Long Form Notice and Summary Notice,

7  attached as Exhibits "C" and "D," respectively, to the Stipulation of Settlement.

8    Within 10 days of the entry of this Order, HP shall provide to the Settlement Administrator

9  the e-mail address provided to HP by each Class Member during his or her purchase(s) of a

10 Qualifying Computer, and the Settlement Administrator shall provide Summary Notices via e-mail.

11 Should an e-mail notice be returned as undeliverable, HP shall provide to the Settlement

12 Administrator the U.S. postal address that the intended recipient provided during his or her

13 purchase(s) of a Qualifying Computer.  The Settlement Administrator will then send via First Class

14 U.S. mail a single-postcard Summary Notice to the address provided.  All Summary Notices

15 returned by the postal service with a forwarding address will be re-mailed to the new address

16 provided by the postal service.

17   The Settlement Administrator also shall cause any other elements of notice (including

18 activation of the settlement website) to take place on or about the Notice Date.

19   The Court finds that the Long Form Notice and Summary Notice are reasonable, that they

20 constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and that they

21 meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.

22 Specifically, the Court finds that the manner of dissemination of the Long Form Notice and

23 Summary Notice complies with Rule 23(e) of the Federal Rules of Civil Procedure as it is a

24 reasonable manner of providing notice to those Settlement Class Members who would be bound by

25 the settlement.  The Court also finds that the manner of dissemination of the Long Form Notice and

26 Summary Notice complies with Rule 23(c)(2), as it is also the best practicable notice under the

27 circumstances, provides individual notice to all Settlement Class Members who can be identified

28

through a reasonable effort, and is reasonably calculated, under all the circumstances, to apprise the members of the Settlement Class of the pendency of this Action, the terms of the settlement, and their right to object to the settlement or exclude themselves from the Settlement Class.  *See*, *e.g.*, *Farinella v. PayPal*, *Inc.*, 611 F. Supp. 2d 250, 256-57 (E.D.N.Y. 2009) (court approved plan disseminating notice by email, internet posting, and publication); *In re Grand Theft Auto Video Game Consumer Litig.*, 251 F.R.D. 139, 145 (S.D.N.Y. 2008) (same); *see also Todd v. Retail Concepts*, *Inc.*, No. 07-0788, 2008 WL 3981593, at *2 (M.D. Tenn. Aug. 22, 2008) (court approved plan disseminating notice by email, in-store posting, and website posting).

Each Settlement Class Member shall have the opportunity to submit a Claim Form substantially in the form of Exhibit E to the Stipulation of Settlement.  If a Settlement Class Member reports having purchased more than one Qualifying Computer, he or she shall list each such Qualifying Computer in the Claim Form.  Claim Forms will be available on the settlement website to be designed and administered by the Settlement Administrator, and also made readily available from the Settlement Administrator at the request of a Settlement Class Member.

Settlement Class Members will have until April 12, 2017, which is within seventy (70) days after the Notice Date, to submit their Claim Forms.  This is due, adequate, and sufficient time.

Each Settlement Class Member who wishes to be excluded from the Settlement Class may do so through the settlement website—which will include an option for opting out—or by sending to the Settlement Administrator via U.S. Mail a letter including their name, address, and telephone number and providing a clear statement communicating that they elect to be excluded from the Settlement Class, do not wish to be a Settlement Class Member, and elect to be excluded from any judgment entered pursuant to the Settlement.  Any request for exclusion or opt out must be made on or before April 10, 2017, which is thirty (30) days before the Fairness Hearing.  All persons or entities who properly elect to opt out of the settlement shall not be Settlement Class Members and shall relinquish their rights to benefits with respect to the Stipulation of Settlement, should it be approved.

1 Any member of the Settlement Class who has not timely submitted a written request for exclusion from the Settlement Class, and thus is a Settlement Class Member, may ask the Court to deny approval.  Settlement Class Members cannot ask the Court to order a larger settlement; the Court can only approve or deny the settlement.  If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue.  If Settlement Class Members want that to happen, they must object.  Settlement Class Members may object to the proposed settlement in writing.  Settlement Class Members may also (or alternatively) appear at the Final Approval Hearing, either in person or through their own attorney, to object to the proposed settlement.  If a Settlement Class Member appears through her own attorney, the Settlement Class Member is responsible for paying that attorney.  Any written objections and supporting papers must (a) set forth the objecting Settlement Class Member's full name, current address, and telephone number; (b) clearly identify the case name and number, and (c) be submitted to the Court either by mailing them to Class Action Clerk, United States District Court for the Northern District of California, 1301 Clay Street, Oakland, California 94612, or by filing them in person at any location of the United States District Court for the Northern District of California at least fourteen (14) days before the Fairness Hearing.

The Long Form Notice and the settlement website will specify that such written objections are <u>not required</u> in order for a member of the Settlement Class to be entitled to be heard at the Fairness Hearing (whether individually or through separate counsel) or to object to the Settlement. However, failure to file and serve timely written objections or to appear at the Fairness Hearing shall effect a waiver of all objections on the part of members of the Settlement Class.

Class Counsel shall file their Fee Application at least twenty-one (21) days before the Fairness Hearing, and a reply (if any) in support of an award of attorneys' fees and reimbursement of expenses and/or a response to any written objections at least seven (7) days before the Fairness Hearing.

Papers in support of final approval of the Stipulation of Settlement, shall be filed with the Court at least fourteen (14) days before the Fairness Hearing.

In summary, the dates of performance are as follows:

  (a)  The Notice Date shall occur within twenty (20) days after the entry of this Order, or as soon thereafter as practicable;

  (b)  Settlement Class Members may submit Claim Forms by April 12, 2017, which is within seventy (70) days after the Notice Date;

  (c)  Settlement Class Members may submit requests for exclusion postmarked no later than April 10, 2017, which is thirty (30) days before the Fairness Hearing:

  (d)  Class Counsel shall file their Fee Application on or before April 18, 2017, which is at least twenty-one (21) days before the Fairness Hearing;

  (e)  Written objections must be mailed to the Class Action Clerk or filed in person by April 26, 2017, which is fourteen (14) days prior to the Fairness Hearing;

  (f)  Papers in support of final approval of the Stipulation of Settlement shall be filed with the Court on or before April 26, 2017, which is fourteen (14) days prior to the Fairness Hearing;

  (g)  Reply papers (if any) in support of Class Counsels' Fee Application and/or in response to any written objections shall be filed with the Court on or before May 3, 2017, which is seven (7) days prior to the Fairness Hearing; and

  (f)  The Fairness Hearing shall be held on May 10, 2017, at 9:00 a.m..

These dates of performance may be extended by order of the Court, for good cause shown, without further notice to the Settlement Class.  Settlement Class Members may check the settlement website at www.HPWirelessCardLawsuit.com regularly for updates and further details regarding extensions of these dates of performance.  Settlement Class Members may also access the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, California 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

  Notwithstanding any other provision of the Stipulation of Settlement, if more than 100 members of the Settlement Class opt out of the Settlement, HP, in its sole discretion, may rescind and revoke the entire Stipulation of Settlement, thereby rendering the Settlement null and void in its entirety, by sending written notice that HP revokes the settlement pursuant to the Stipulation of Settlement to Class Counsel within ten (10) days following the date the Settlement Administrator informs HP of the number of Settlement Class Members who have requested to opt out of the Settlement pursuant to the provisions set forth in the Stipulation of Settlement.

  In the event the Stipulation of Settlement is not approved by the Court, or for any reason the parties fail to obtain a Final Order and Judgment as contemplated in the Stipulation of Settlement, or the Stipulation of Settlement is terminated pursuant to its terms for any reason or the Effective Date does not occur for any reason, then the following shall apply:

  (a) All orders and findings entered in connection with the Stipulation of Settlement shall become null and void and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

  (b) The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically, and the Actions shall proceed as though the Settlement Class had never been certified pursuant to this Stipulation of Settlement and such findings had never been made;

  (c) Nothing contained in this Order is, or may be construed as, a presumption, concession or admission by or against HP, or any Released Party (as that term is defined in the Stipulation of Settlement) of any default, liability or wrongdoing as to any facts or claims alleged or asserted in the Action, or in any actions or proceedings, whether civil, criminal or administrative; and

  (d) Nothing in this Order or pertaining to the Stipulation of Settlement, including any of the documents or statements generated or received pursuant to the claims administration process, shall be used as evidence in any further proceeding in this case.

    Pending final determination of whether the proposed settlement should be approved, no Settlement Class Member directly, derivatively, in a representative capacity, or in any other capacity, shall commence or continue any action against any of the Released Parties in any court or tribunal asserting any of the Released Claims (as that term is defined in the Stipulation of Settlement).

    Kurtzman Carson Consulting is hereby appointed as Settlement Administrator for this settlement and shall perform all of the duties of the Settlement Administrator set forth in the Stipulation of Settlement.

    Class Counsel and Defense Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the settlement that are not materially inconsistent with this Order or the Stipulation of Settlement, including making, without further approval of the Court, minor changes to the form or content of the Long Form Notice, Summary Notice, and other exhibits that they jointly agree are reasonable or necessary.

    IT IS SO ORDERED, this <u>18</u> day of <u>January</u>, 2017



Hon. Phyllis J. Hamilton
United States District Court Judge